LITTLE ROCK SCHOOL DISTRICT,
Plaintiff,

v.

PULASKI COUNTY SPECIAL SCHOOL DISTRICT NO. 1, et al., Defendants.

No. LR–C–82–866.

United States District Court,
E.D. Arkansas, W.D.

April 13, 1983.

Stephen Curry, Little Rock, Ark., for Grainger Williams, Richard A. Giddings, George A. McCrary, Buddy Raines and Dale Ward (Members of Board of Education of Pulaski County Special School District No. 1).

P.A. Hollingsworth, Philip E. Kaplan, John M. Bilheimer, Janet L. Pulliam, Little Rock, Ark., for plaintiff.

Wright, Lindsey & Jennings, Little Rock, Ark., Friedman & Koven, Chicago, Ill., for Pulaski County Special School District No. 1.

W.H. Dillahunty, Little Rock, Ark., for North Little Rock School Dist. and Bob Lyon, John Ward, Judy Wear, Leon Barnes, Marianna Gosser, and Steve Morley (North Little Rock Board of Education).

David L. Williams, Asst. Atty. Gen., Little Rock, Ark., for State of Ark.

Nelwyn Davis, Asst. Atty. Gen., Little Rock, Ark., for Arkansas State Bd. of Educ. and Wayne Hartsfield, Walter Turnbow, Harry A. Haines, Jim Dupree, Dr. Harry P. McDonald, Robert L. Newton, Alice L. Preston, Jeff Starling and Earle Love (Members of State Board of Education).

## ORDER

WOODS, District Judge.

A number of motions to dismiss filed in this action are now ripe for determination. The State Board of Education and its individual members (hereinafter State Board) seek dismissal on the grounds that plaintiff has failed to state a claim upon which relief can be granted and alternatively on the ground that the State Board is not a proper party to grant any of the relief requested. The North Little Rock School District and its individual board members (hereinafter North Little Rock District) as well as the Pulaski County Special School District and its individual board members (hereinafter Pulaski County Special District) likewise assert that plaintiff has failed to state a claim upon which relief can be granted. The State of Arkansas also seeks dismissal of all allegations against it due to its asserted Eleventh Amendment sovereign immunity.

In determining whether or not plaintiff's complaint alleges sufficient facts to state a claim for relief, all of the allegations of the complaint must be accepted as true and the motion to dismiss must be denied if under any set of facts alleged the plaintiff would be entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Given this general procedural approach, the Court must assess the sufficiency of plaintiff's allegations in light of the principles enunciated in *Milliken v. Bradley,* 418 U.S. 717, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974). Stated simply, *Milliken* holds that the scope of the remedy in a case such as this is determined by the nature and scope of the constitutional violation. *Milliken* neither foreclosed nor endorsed the consolidation of school districts as a method of dealing with racial segrega-

tion in the public schools. Rather, *Milliken* attempted to formulate constitutional principles upon which the courts can rely in fashioning relief where racial segregation is found to be present in a particular school district or districts. If no interdistrict violation is proved, no interdistrict remedy may be imposed by this court. On the other hand, a showing of interdistrict segregation can form the basis for interdistrict relief. This circuit has applied the approach of the Sixth Circuit in cases such as this seeking consolidation of multiple school districts. "A finding of de jure segregation requires a showing of three elements: (1) action or inaction by public officials (2) with a segregative purpose (3) which actually results in increased or continued segregation in the public schools." *United States v. State of Missouri,* 515 F.2d 1365, 1370 (8th Cir.1975) quoting *Oliver v. Michigan State Board of Education,* 508 F.2d 178, 182 (6th Cir.1974). Sufficient allegations of action or inaction by the State Board, North Little Rock School District and Pulaski County Special School District with a segregative purpose resulting in increased segregation in the plaintiff district are made in the complaint to withstand the proffered motions to dismiss for failure to state a claim. These motions will therefore be denied.

■ The State Board's additional assertion that it is not a proper party to grant any of the relief requested is without merit in light of their general supervisory relationship with the individual school districts throughout the State and the allegations that it has carried out its duties in a manner resulting in increased segregation in the plaintiff district.

■ The motion to dismiss the State of Arkansas as a named defendant must of course be granted. Injunctive relief could not be awarded the plaintiff against the State absent its consent to be sued. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). No such consent has been given by the State either expressly or by implication. As the Supreme Court recently held, "[i]f the State is named directly in the complaint and has not consent-

ed to the suit, it must be dismissed from the action." *Florida Dept. of State v. Treasure Salvors,* —— U.S. ——, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). This dismissal should in no way affect the practical disposition of this matter.

The Court is presently considering the appointment of its own expert to assist it in the factual development of this litigation pursuant to Rule 706(a) Fed.R.Evid. The parties may submit nominations (each party may submit more than one) to the Court no later than May 6, 1983. Specific objections to any nomination and the reasons therefor should be made to the Court in writing no later than May 16, 1983. In the event the Court appoints an expert, his compensation will be charged against the parties in a proportion to be determined at a later date. Rule 706(b) Fed.R.Evid.

Furthermore, the parties are directed to notify the Court and all other parties of the expert(s) they plan to use at the trial of this matter no later than July 1, 1983.

IT IS THEREFORE ORDERED that the motion to dismiss the State of Arkansas is granted and all other motions to dismiss are denied.