ALABAMA ET AL. v. PUGH ET AL.

No. 77–1107.   Decided July 3, 1978

PER CURIAM.

Respondents, inmates or former inmates of the Alabama prison system, sued petitioners, who include the State of Alabama and the Alabama Board of Corrections as well as a number of Alabama officials responsible for the administration of its prisons, alleging that conditions in Alabama prisons constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.   The United States District Court agreed and issued an order prescribing measures designed to eradicate cruel and unusual punishment in the Alabama prison system.   The Court of Appeals for the Fifth Circuit affirmed but modified some aspects of the order which it believed exceeded the limits of the appropriate exercise of the court's remedial powers.   559 F. 2d 283.

Among the claims raised here by petitioners is that the issuance of a mandatory injunction against the State of Alabama and the Alabama Board of Corrections is unconstitutional because the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies.   The Court of Appeals did not address this contention, perhaps because it was of the view that in light of

the numerous individual defendants in the case dismissal as to these two defendants would not affect the scope of the injunction. There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman* v. *Jordan,* 415 U. S. 651 (1974); *Ford Motor Co.* v. *Department of Treasury,* 323 U. S. 459 (1945); *Worcester County Trust Co.* v. *Riley,* 302 U. S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Moreover, the question of the State's Eleventh Amendment immunity is not merely academic. Alabama has an interest in being dismissed from this action in order to eliminate the danger of being held in contempt if it should fail to comply with the mandatory injunction.[1] Consequently, we grant the petition for certiorari limited to Question 2 presented by petitioners,[2] reverse the judgment in part, and remand the case to the Court of Appeals with instructions to order the dismissal of the State of Alabama and the Alabama Board of Corrections from this action.

*So ordered.*

MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL dissent.

MR. JUSTICE STEVENS, dissenting.

This Court is much too busy to spend its time correcting

---

[1] Respondents contend that petitioners failed to raise the Eleventh Amendment issue in the District Court. The Court held in *Edelman* v. *Jordan,* 415 U. S. 651, 678 (1974), however, that "the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court . . . ."

[2] "Whether the mandatory injunction issued against the State of Alabama and the Alabama Board of Corrections violates the State's Eleventh

harmless errors. Nothing more is accomplished by the summary action it takes today.*

The Court does not question the propriety of the injunctive relief entered by the District Court and upheld by the Court of Appeals. Striking the State's name from the list of parties will have no impact on the effectiveness of that relief. If the state officers disobey the injunction, financial penalties may be imposed on the responsible state agencies. *Hutto* v. *Finney,* 437 U. S. 678. The District Court's asserted error did not trouble the Court of Appeals because it has no practical significance. It does not justify the exercise of this Court's certiorari jurisdiction. I respectfully dissent.

---

Amendment immunity or exceeds the jurisdiction granted federal courts by 42 U. S. C. § 1983."

*Surely the Court does not intend to resolve summarily the issue debated by my Brothers in their separate opinions in *Hutto* v. *Finney,* 437 U. S. 678, 700 (BRENNAN, J., concurring), and 708–709, n. 6 (POWELL, J., concurring in part and dissenting in part).