**Thomas M. HELFRICH, Appellant in No. 81–1393,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF MILITARY AFFAIRS, Pennsylvania Soldiers & Sailors Home; Col. Richard A. Weaver, Director of Administrative Services, Department of Military Affairs; John J. Driscoll, Commandant, Pennsylvania Soldiers & Sailors Home; T. M. Skarupski, Institutional Business Manager, Pennsylvania Soldiers & Sailors Home; and Vickie A. Tasker, Director of Nursing, Pennsylvania Soldiers & Sailors Home; all in both their official and individual capacities.**

**Paula J. ROGALA, Appellant in No. 81–2287,**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF MILITARY AFFAIRS, Pennsylvania Soldiers & Sailors Home; Col. Richard A. Weaver, former Director of Administrative Services for the Pennsylvania Department of Military Affairs and his successor in office; John J. Driscoll, Commandant of the Pennsylvania Soldiers and Sailors Home; and Vickie A. Tasker, former Director of Nursing of the Pennsylvania Soldiers and Sailors Home and her successor in office; all in both their official and individual capacities.**

**Nos. 81–1393, 81–2287.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Sept. 24, 1981.

Decided Oct. 5, 1981.

Richard T. Ruth, Erie, Pa., for appellants.

Alton P. Arnold, Jr., William A. Webb, Allen C. Warshaw, Deputy Attys. Gen., LeRoy S. Zimmerman, Atty. Gen., Pittsburgh, Pa., for appellees.

Before ALDISERT, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

Plaintiffs Helfrich and Rogala, who are former nursing assistants at the Pennsylvania Soldiers and Sailors Home in Erie, Pennsylvania, appeal from the dismissal of their 42 U.S.C. § 1983 complaints against the Commonwealth of Pennsylvania Department of Military Affairs, the home, and certain named Pennsylvania officials.[1] Claiming that a proper exercise of their first amendment rights led to their improper discharge from the state home's medical staff, they sought declaratory, injunctive, compensatory, and punitive relief in the district court. The court dismissed the complaints on defendants' Fed.R.Civ.P. 12(b)(6) motions, reasoning that the eleventh amendment constituted a total defense to the complaints. We reverse in part.

■ The district court did not err in dismissing the complaints against the Commonwealth Department of Military Affairs and the Pennsylvania Soldiers and Sailors Home. *See Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978) (per

---

1. Counsel for appellants, joined by counsel for appellees, moved to consolidate these appeals from orders of the district court dated January 21, 1981 (Helfrich), and June 15, 1981 (Rogala). We granted the motion, based on counsel's representations that the facts and issues were identical for purposes of appeal, and we have considered both cases on the basis of the briefs filed in No. 81–1393. Our statement of the case is based on the briefs and appendix filed in No. 81–1393.

curiam); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Pennsylvania has not consented to be sued in the federal courts. *See* The Judiciary Act Repealer Act of 1980, 42 Pa. Cons.Stat.Ann. § 8521(b):

> (b) Federal courts—Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal Courts guaranteed by the Eleventh Amendment to the Constitution of the United States.

The state's eleventh amendment immunity extends to the Department of Military Affairs and the home because they are arms of the state. *See Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977). In *Alabama v. Pugh*, the plaintiffs sought injunctive relief in federal court under 42 U.S.C. § 1983, naming the state of Alabama and the Alabama Board of Corrections as defendants. In reversing, the Court noted that

> The Court of Appeals did not address [the eleventh amendment] contention, perhaps because it was of the view that in light of the numerous individual defendants in the case dismissal as to these two defendants would not affect the scope of the injunction. There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.

Similarly, an award of *retroactive* monetary damages or back pay against the officials in their *official* capacity is barred because it necessarily would be paid from the state treasury. *See Edelman v. Jordan; Skehan v. Board of Trustees*, 590 F.2d 470, 485–91 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *West v. Keve*, 571 F.2d 158, 163 (3d Cir. 1978).

■ The eleventh amendment does not deprive the district court of jurisdiction to grant *prospective* equitable relief against appellee state officials, however, *Ex Parte*

*Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), nor does it prevent entry of an award of damages against the officials in their *individual* capacities, *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Moreover, the eleventh amendment does not insulate the state from an award of attorney fees under the Civil Rights Attorney Fees Act of 1976, 42 U.S.C. § 1988. *Hutto v. Finney*, 437 U.S. 678, 692–93, 98 S.Ct. 2565, 2574–75, 57 L.Ed.2d 522 (1978). We therefore hold that the district court erred in dismissing the complaint in its entirety.

It will be necessary for the proceedings to be remanded to the district court for further consideration of the aspects of the plaintiffs' complaints improperly dismissed. Of course, on remand defendants will be entitled to raise other defenses they might have to the action. In particular, the district court must determine whether the defendants sued in their individual capacities are entitled to assert immunity defenses to a monetary claim. *See generally Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1924, 64 L.Ed.2d 572 (1980); *Wood v. Strickland*, 420 U.S. 308, 314–22, 95 S.Ct. 992, 996–1000, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes*, 416 U.S. at 238, 94 S.Ct. at 1687; *Spicer v. Hilton*, 618 F.2d 232, 236 (3d Cir. 1980); *West v. Keve*, 571 F.2d at 163.

The judgments of the district court will be reversed and the causes remanded for further proceedings.

Costs taxed against appellees.