**BAPTIST MEMORIAL HOSPITAL—DESOTO, INC., Plaintiff,**

v.

**MISSISSIPPI HEALTH CARE COMMISSION; Desoto General Hospital, Inc.; and Desoto Medical Center Inc., Defendants.**

Civ. A. No. J85–0781(B).

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 10, 1985.

Robert H. Weaver, Neville H. Boschert, Richard G. Cowart, Jackson, Miss., for plaintiff.

Frank G. Smith, III, H. Stephen Harris, Jr., John K. Train, III, Atlanta, Ga., Sam Wilkins, Robert Sanders, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it (1) the Motion of Defendants, DeSoto General Hospital, Inc. and DeSoto Medical Center, Inc. ("DeSoto"), to Dismiss the Complaint of Plaintiff, Baptist Memorial Hospital-DeSoto, Inc. ("Baptist"); (2) the Motion of Baptist for a Preliminary Injunction; (3) the Motion of Baptist For Leave to File its Second Amended Complaint; and (4) the Motion of Defendant, Mississippi Health Care Commission ("Commission") to Dismiss.

### FACTS

This dispute involves a three-way struggle for a Certificate of Need ("CON") to construct the only hospital which the Commission has approved for DeSoto County, Mississippi.

In June 1979, DeSoto Medical Center, Inc. ("DeSoto Medical"), whose stockholders are primarily also the stockholders of DeSoto General Hospital, Inc. ("DeSoto General"), filed an application with the Mississippi Health Planning and Development Agency, the predecessor of the Commission, for a CON for the construction of a 120-bed acute care general hospital in DeSoto County. In December 1979, the application of DeSoto Medical for a CON was denied. In January 1980, DeSoto Medical appealed the denial of its application to the Administrative Appeals Judge who affirmed the denial. In March 1980, DeSoto Medical appealed that decision to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Chancery Court affirmed the decision and DeSoto Medical appealed to the Mississippi Supreme Court.

Thereafter, DeSoto General was incorporated for the express purpose of filing an application for a CON for the construction of a 120-bed medical-surgical hospital in DeSoto County. After DeSoto General filed its application, DeSoto Medical dismissed its appeal to the Mississippi Supreme Court.

DeSoto General's application for CON was likewise denied and appealed to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Chancery Court affirmed. DeSoto General then perfected its appeal to the Mississippi Supreme Court where it is presently pending.

In December 1983, DeSoto Medical and DeSoto General (collectively referred to as "DeSoto"), sued the Commission, the Mississippi Health Systems Agency and various hospitals, alleging antitrust violations and seeking damages and injunctive relief for the issuance of a CON, claiming the defendants conspired to prevent DeSoto from obtaining a CON for DeSoto County. That action, being Civil Action No. J83–0858(B), is presently pending before this Court ("the antitrust action").

In August 1984, DeSoto Medical and three of its stockholders sued the attorneys for the Commission, the attorney for the Mississippi Attorney General's staff and various members of the Commission under 42 U.S.C. §§ 1983, 1985 and 1986, seeking damages against the defendants in their official and individual capacities and injunctive relief for the issuance of a CON to DeSoto Medical. That action, being Civil Action No. J84–0588(L), is presently pending in this Court ("the civil rights action").

In August 1983, Baptist submitted its application to the Commission for a CON to construct a 100-bed acute care general hospital in DeSoto County. In September 1983, DeSoto Methodist Hospital, Inc. ("Methodist") also applied for a CON to construct a 100-bed acute care general hospital in DeSoto County. The Commission determined that Baptist would receive a Decision of Intent, granting the CON to it under the following conditions:

It is the further Order of this Commission that although a decision of intent has been issued ... to grant a Certificate of Need to [Baptist] ... pursuant to the provisions of Section 41–7–202, Mississippi Code of 1972, Annotated and Amended, a "stay of proceedings" of said decision and the issuance of any Certificate of Need is hereby placed in full force and effect and shall remain in effect until the appeal by DeSoto General Hospital, Inc. from the Commission's decision ... denying the application of DeSoto General Hospital, Inc. for a Certificate of Need to construct a 120-bed acute care hospital to be located in DeSoto County, Mississippi ... has been exhausted.

The Commission also denied Methodist's application for CON. Methodist simultaneously appealed both the granting of the Decision of Intent to Baptist and the denial of its own application to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Chancery Court affirmed the Orders of the Commission and Methodist appealed the decisions to the Mississippi Supreme Court.

In August 1985, DeSoto and the Commission approached this Court, requesting the entry of an Order approving a settlement between those parties in the antitrust action. The gist of the settlement provided that the Commission would issue a CON to DeSoto General for a 120-bed medical-surgical hospital to be constructed in DeSoto County. In exchange, DeSoto agreed that it would dismiss the antitrust suit against the Commission, the civil rights suit and the appeal of DeSoto General pending in the Mississippi Supreme Court.

When Baptist learned of the proposed settlement between the Commission and DeSoto, it filed the present action, seeking to enjoin the settlement, claiming the settlement under which DeSoto General would obtain the CON in DeSoto County, would deprive Baptist of its property rights without due process in violation of the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. Baptist requests this Court to issue an injunction, prohibiting DeSoto and the Commission from settling the lawsuits by an award by the Commission of the CON to DeSoto General.

### LAW

1. *DeSoto's Motion to Dismiss.*

DeSoto moved to dismiss this action on the basis that Baptist has no protected

property interest in its Decision of Intent from the Commission. DeSoto contends that Baptist has no protected property interest in the Decision of Intent because: 1) the Decision of Intent is a contingent, non-vested Decision of Intent which is revocable at the will of the Commission; 2) the Decision of Intent is void because the Commission is without authority to issue a CON conditioned on some future event such as the unsuccessful appeal of DeSoto General from the Commission's denial of its CON application; and 3) the Decision of Intent is now invalid by virtue of the Commission's agreement to settle with DeSoto on the basis that a CON will be granted to DeSoto General. DeSoto also argues that Baptist has no standing to assert its claims on the basis that since non-settling parties to a multi-party action do not have standing to object to a settlement involving other parties, non-parties, such as Baptist here, likewise would have no standing.

At the outset, this Court is faced with "what has become a familiar two-part inquiry": we must determine whether Baptist has a protected property interest in its Decision of Intent and, if so, what process is due. *Logan v. Zimmerman Brush Company,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). This inquiry begins with a determination of the precise nature of the property interest threatened. *Lehr v. Robertson,* 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983).

"Property" denotes a broad range of interests that are secured by existing rules or understandings. *Perry v. Sinderman,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). As stated in *Perry v. Sinderman,*

> [a] person's interest in a benefit is a "property" interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit....

*Id.* In other words, a person must possess more than a "unilateral expectation" or an "abstract concern"—he must have a "legitimate claim of entitlement." *Board of Regents v. Roth,* 408 U.S. 564, 577, 578, 92

S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). According to *Logan v. Zimmerman Brush Company,* 455 U.S. at 430, 102 S.Ct. at 1154,

> [t]he hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except "for cause."

In *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), homeowners sued a municipal utility under 42 U.S.C. § 1983 for termination of utility services allegedly without due process, claiming that they had a property interest in continued utility service. The Court determined that since the utility services could only be terminated "for cause," the homeowners had asserted a "legitimate claim of entitlement" within the protection of the Due Process Clause. In so ruling, the Court reasoned that although the customer's right to continued service is conditioned upon payment of charges properly due,

> The Fourteenth Amendment's protection of "property" ... has never been interpreted to safeguard only the rights of undisputed ownership.

*Id.* at 11, 98 S.Ct. at 1561. *See also, Debra P. v. Turlington,* 644 F.2d 397, 403–04 (5th Cir.1981) (state-created expectation of diploma upon successful completion of high school supports claim to entitlement); *Williams v. United States,* 541 F.Supp. 1187, 1192 (E.D.N.C.1982) (an entitlement may be created if a benefit continues absent cause for termination; if the continuation of the benefit turns on the will of the provider, then there is no legitimate expectation of property); *Local 736 v. City of Williamsport,* 470 F.Supp. 344, 347–48 (N.D.Pa. 1979) (if the interest sought to be protected cannot be terminated except based upon certain criteria, a legitimate expectation of property may exist).

■ There is no doubt that, under Mississippi law, a CON is a valuable property right entitled to protection. *Mississippi Telephone Corporation v. Mississippi Public Service Commission,* 427 So.2d 963, 964 (Miss.1983); *Delta Electric Power*

*Association v. Mississippi Power & Light Company,* 250 Miss. 482, 149 So.2d 504, 508 (1963). The precise question here is whether a Decision of Intent from the Commission to grant a CON to Baptist if DeSoto's appeal is unsuccessful is a protected property interest. The Decision of Intent states that although a Decision of Intent has been issued to grant a CON to Baptist, a "stay of proceedings" of said decision and the issuance of the CON is in effect until the appeal by DeSoto General from the Commission's denial of its application has been exhausted.

DeSoto relies upon *Oliphant v. Carthage Bank,* 224 Miss. 386, 80 So.2d 63, 68, 71 (1955) for the proposition that a conditional CON does not confer a vested property interest. Yet, this Court finds *Oliphant* inapposite. In *Oliphant,* the court based its holding on the fact that the party granted a conditional bank charter, prematurely appealed the decision of the comptroller. The comptroller had given Carthage Bank 30 days to sell 49% of its stock to the proponents of a new bank in Carthage, Mississippi. If the Carthage Bank refused to sell its stock to the proponents within 30 days, then the proponents of the new bank would be issued a charter. This decision was appealed prior to the expiration of the 30 day period.

The court held that the premature appeal effectively tolled the vesting of the new bank proponents' conditional charter. The court inferred that had the proponents waited to appeal after the 30-day period had expired, they could have appealed the comptroller's decision as a final order. The court intimated that the comptroller was without authority to issue a conditional charter.

Since this Court concludes that case law in Mississippi does not resolve the issue of whether the Decision of Intent is a protected property interest, we proceed to the statutory framework, *Miss.Code Ann.* § 41–7–171, *et seq.* (Supp.1984), to determine the precise nature of the property interest threatened. *Frazier v. Lowndes County, Mississippi Board of Education,* 710 F.2d 1097, 1100 (5th Cir.1983).

As previously stated, the Decision of Intent states in pertinent part:

> ... although a decision of intent has been issued ... to grant a Certificate of Need to [Baptist] ..., a "stay of proceedings" of said decision and the issuance of any Certificate of Need is hereby placed in full force and effect ... until the appeal by DeSoto General Hospital, Inc. ... has been exhausted.

The statutory procedures prescribed for the issuance of a CON, §§ 41–7–171, *et seq.,* refer to a "decision of intent" in only two instances. Section 41–7–197 which sets forth the procedures to be followed in reviewing CON applications, states, at subparagraph (1):

> The commission shall make its written findings and issue its order after reviewing said record and hearing such oral presentation. The findings and *decisions of intent* of the commission shall not be deferred to any later date, and any deferral shall result in an automatic order of disapproval. [Emphasis added].

Thereafter, § 41–7–197(3) provides that:

> [a]fter the commission renders its written decision concerning the issuance of a [CON], any affected person ... may within thirty (30) days of the date of this finding, request, in writing, that the commission conduct a reconsideration hearing.

Section 41–7–202 (Supp.1984) states:

> There shall be a "stay of proceedings" of any written *"decision of intent"* of the commission for a period of thirty (30) days from the date of that decision. The stay of proceedings shall remain in effect until all statutory appeals have been exhausted or the time for such appeals has expired. The stay of proceedings as provided for in this section, if any, shall not be charged against the period of time that any proponent is granted when a certificate of need is issued. [Emphasis added].

Nowhere does the statutory framework for review and issuance of CONs define

"decision of intent." "Certificate of Need" is defined in § 41–7–173 (Supp.1984) as

... a written order of the commission setting forth the affirmative finding that a proposal in prescribed form, sufficiently satisfies the plan's standards and criteria prescribed for service or other project by Sections 41–7–171, *et seq.,* and by rules and regulations promulgated thereunder by the commission.

■ While the Court realizes that Baptist does not have an unconditional CON, granting it the right to commence construction of a hospital, the Court finds that Baptist does have a "legitimate claim of entitlement" that a CON will be granted it should the appeal by DeSoto General be unsuccessful. As stated in *Logan v. Zimmerman Brush Company,* 455 U.S. at 430, 102 S.Ct. at 1154,

[t]he hallmark of "property" ... is an individual entitlement grounded in state law, which cannot be removed except "for cause."

In this instance, the Baptist Decision of Intent can only be revoked "for cause," i.e., the successful appeal by DeSoto General of the Commission's denial of its CON. As in *Local 736 v. City of Williamsport,* 470 F.Supp. 344 (N.D.Pa.1979), the interest Baptist seeks to protect can only be terminated upon certain conditions. Accordingly, Baptist has more than a mere subjective "expectancy," *see, e.g., Spath v. National Collegiate Athletic Association,* 728 F.2d 25, 29 (1st Cir.1984), that a CON will be issued if the DeSoto General appeal is unsuccessful. As such, Baptist has a protectable property interest in its Decision of Intent.

■ DeSoto next argues, in support of its Motion to Dismiss, that the Decision of Intent is void because the Commission is without authority to issue a CON conditioned upon some future event such as the unsuccessful appeal of the denial of a CON. However, on March 30, 1983, the Office of the Attorney General of the State of Mississippi issued its opinion, allowing the Commission to consider a second application for a CON pending an appeal from a previous denial of a CON application. DeSoto fails to recognize that although Attorney General opinions do not have the force of law, *Frazier v. Lowndes County, Mississippi, Board of Education,* 710 F.2d at 1100, they are "entitled to careful consideration by the courts, and quite generally regarded as highly persuasive." *Harris County Commissioners Court v. Moore,* 420 U.S. 77, 87 n. 10, 95 S.Ct. 870, 877 n. 10, 43 L.Ed.2d 32 (1975). Accordingly, Baptist's Decision of Intent, conditioned upon the unsuccessful appeal of DeSoto General, is valid.

■ Finally, DeSoto argues that Baptist lacks standing to object to the settlement between the Commission and DeSoto on the basis that non-settling parties to a multi-party action do not have standing to object to settlement. Yet, *In re Beef Industry Anti-Trust Litigation,* 607 F.2d 167, 174 (5th Cir.1979), a case relied upon by DeSoto, states that parties to a dispute should be able to settle it themselves without interference from *non-prejudiced* third parties. There is no doubt that Baptist will be prejudiced by a settlement between DeSoto and the Commission which grants DeSoto a CON because the Baptist Decision of Intent would be rendered moot. Whether that prejudice is sufficient to grant a preliminary injunction, enjoining settlement on the basis of the granting of a CON to DeSoto, will be considered hereinafter. However, Baptist does have standing to object to a settlement between DeSoto and the Commission which will grant DeSoto a CON. Consequently, DeSoto's Motion to Dismiss is denied.

2. *Motion of the Commission to Dismiss and Motion of Baptist to File Second Amended Complaint.*

■ The Commission moved to dismiss on the basis that the Eleventh Amendment bars the injunctive relief sought against it. Thereafter, Baptist, recognizing, but not conceding, that the Eleventh Amendment may preclude injunctive relief against the Commission, moved for leave to file its Second Amended Complaint to name as De-

fendants the members of the Commission in their official capacities.

The Commission's assertion of the Eleventh Amendment as a bar to injunctive relief against it is well taken and its Motion is hereby granted. *Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). It is well established that the Eleventh Amendment protects the state from suit against it. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67, 77–79 (1984). However, the granting of Baptist's Motion to Amend does not resolve the problem created by the dismissal of the Commission. Even if this Court were to grant Baptist's Motion to Amend to add the members of the Commission in their official capacities, which amendments are liberally allowed, the members of the Commission have not been served with process and are not formally before this Court, even though the Commission was represented at the hearing held on Baptist's Motion for Preliminary Injunction and participated therein.

Although Baptist timely filed its Motion to Amend prior to the hearing in this action, it failed to raise its motion before the hearing began even when the Court asked the parties if there were any preliminary matters to be addressed. Had Baptist raised its Motion to Amend at the outset of the hearing, the Court would have granted the Motion and continued the hearing until such time as the members of the Commission were served with process. However, Baptist failed to do this and proceeded with its proof on the merits of its Motion for Preliminary Injunction. As such, the only party defendants presently before this Court are DeSoto General and DeSoto Medical—private parties.

■ Since constitutional rights are secured from infringements by governments and not by private parties, *see, e.g., Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 349, 95 S.Ct. 449, 452, 42 L.Ed.2d 477 (1974); *Frazier v. Board of Trustees of Northwest Mississippi*, 765 F.2d 1278, (5th Cir.1985), this Court would have to find that DeSoto was acting "under color of state law" before an injunction could issue against it for violation of Baptist's due process rights. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 150–51, 90 S.Ct. 1598, 1604–05, 26 L.Ed.2d 142 (1970). However, Baptist has not alleged that DeSoto is a "state actor" such that an injunction could issue against it to enjoin violation of constitutional rights either in its First Amended Complaint which is presently before this Court or in its Second Amended Complaint which it has requested leave to file. *Id.* *See also, Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982); *Lugar v. Edmondson*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

■ Yet, even if DeSoto were a "state actor," the Eleventh Amendment would preclude the injunctive relief sought herein. Even though a state is not a named party to an action, the action may nonetheless be properly construed as a suit against the state if the state is the real or substantial party in interest, or the defendant-in-fact, in light of the "essential nature and effect of the proceeding." *Ford Motor Company v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); *Subaqueous Exploration and Archaeology, Ltd. v. Unidentified, Wrecked and Abandoned Vessel*, 577 F.Supp. 597, 606 (D.Md.1983). *See also, Pennhurst State School and Hospital v. Halderman*, 465 U.S. at ——, 104 S.Ct. at 908, 79 L.Ed.2d at 79.

In this instance, the "essential nature and effect of the proceeding" indicates that the Commission, i.e., the State of Mississippi, is the real, substantial party in interest. Without doubt, an injunction against DeSoto only would operate against the Commission because the Commission is the entity that would grant DeSoto the CON if the settlement were consummated. As such, the Commission would be the entity which would actually be restrained from acting. *Pennhurst, Id.*, 465 U.S. at ——, n. 11, 104

S.Ct. at 908, n. 11 at 79, n. 11 (*citing Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)). Accordingly, this Court cannot grant Baptist the injunctive relief it requests since the injunctive relief would, in actuality, operate against the Commission in violation of the Eleventh Amendment.

There remains outstanding Baptist's Motion to Amend. In view of the ruling of this Memorandum Opinion and Order, this court does not know whether Baptist intends to pursue this litigation. If so, Baptist may request this Court to rule upon the Motion to Amend. If the Court has not received such a request within ten (10) days from this date it will dismiss this cause without prejudice on its own motion.

In summary, DeSoto's Motion to Dismiss is denied; the Commission's Motion to Dismiss is granted; and Baptist's Motion for Preliminary Injunction is denied.