827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kent C. CROSS, Plaintiff-Appellant,
v.
Norris W. McMACKIN, Supt., Defendant-Appellee.
 No. 87-3053
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appeals from the dismissal of his prisoner civil rights complaint in which he alleges that he found foreign objects in his food and that he was denied the right to participate in normal religious, educational and vocational activities while being held in protective custody. Upon consideration, we affirm the dismissal of plaintiff's complaint.
 
 
 3
 Claims of occasional foreign objects in food do not state an eighth amendment violation of the right to remain free from cruel and unusual punishment. See Lunsford v. Reynolds, 376 F.Supp. 526 (W.D. Va. 1974). See also Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984); Newman v. Alabama, 559 F.2d 283 (5th Cir. 1977), rev'd in part sub nom, Alabama v. Pugh, 438 U.S. 781 (1978). Likewise, plaintiff's claim regarding restriction of his right to participate in normal activities during confinement in protective custody does not state an eighth amendment violation. Taylor v. Rogers, 781 F.2d 1047 (4th Cir. 1986). Hence, the district court correctly dismissed plaintiff's complaint.
 
 
 4
 It is therefore ORDERED that the judgment of the district court be and hereby is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.