859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William P. BESSER, Plaintiff-Appellant,
v.
Richard P. SEITER, John F. Kinkela, Walter Echols, Ohio
Prison Industries, University Hospital, Norris
Mcmackin, Defendants-Appellees.
 No. 88-3247.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 Before KEITH, RALPH B. GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, incarcerated at the Marion [Ohio] Correctional Institution, brought this civil rights action under 42 U.S.C. Sec. 1983 to redress several alleged constitutional rights deprivations. Defendants are four individuals working for various branches of the Ohio penal system (Richard Seiter, John Kinkela, Walter Echols, Norris McMackin) in addition to Ohio Prison Industries and University Hospital. The district court granted summary judgment for defendants and this appeal followed. On appeal, the parties have briefed the issues, plaintiff proceeding pro se.
 
 
 3
 Upon consideration, we agree with the district court's disposition of this cause. The district court correctly found the claims against Ohio Prison Industries and University Hospital barred by the eleventh amendment to the United States Constitution as these entities are agencies of the State of Ohio. See Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).
 
 
 4
 The court also properly rejected plaintiff's vague, conclusory allegations against the individual defendants for inadequate training of prison personnel and substandard living conditions. Plaintiff had no right to be free from occasional prison cell searches. Hudson v. Palmer, 468 U.S. 517 (1984). Nor did he establish that prison conditions fell below a "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1982).
 
 
 5
 Finally, plaintiff's eighth amendment claims concerning injuries received while working at his prison factory job and improper cataract surgery sound in medical malpractice and, therefore, do not state a claim for relief. Estelle v. Gamble, 429 U.S. 97, 107 (1976).
 
 
 6
 For these reasons, and for the reasons set forth in the district court opinion of February 19, 1988, the judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.