918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold BROWN, Plaintiff-Appellant,
v.
CORRECTIONS CABINET, Dewey Sowders, George W. Noe,
Defendants-Appellees.
 No. 90-5307.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and JOINER, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Harold Brown and four other inmates filed a civil rights action under 42 U.S.C. Sec. 1983 in which they complained of the conditions of their confinement at the Northpoint Training Center, Burgin, Kentucky. The complaint alleged that the prison's drinking water is contaminated with lead; that prison dorms have asbestos "all over;" and that the plaintiffs were denied proper medical attention. The prayer for relief included claims for compensatory and punitive damages, as well as declaratory and injunctive relief. Each defendant was sued in his individual and official capacities. The matter was referred to a magistrate who recommended that the complaint be dismissed as frivolous under 28 U.S.C. Sec. 1915(d). The district court adopted the recommendation over the plaintiffs' objections, and this appeal followed.
 
 
 4
 Harold Brown is the only plaintiff over whom this court has jurisdiction, because he is the only party specified as an appellant in the notice of appeal. See Minority Employees v. Tennessee Dep't of Employment Sec., 901 F.2d 1327 (6th Cir.1990). After careful review of the district court's decision, we conclude that the court properly dismissed Brown's complaint.
 
 
 5
 Brown's drinking water and asbestos claims against Warden Dewey Sowders were properly dismissed because Brown's complaint does not allege that Sowders is responsible for the conditions that Brown has identified. "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." Hays v. Jefferson, 668 F.2d 869, 872 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 6
 The district court properly dismissed Brown's medical claims against Sowders and Dr. Noe, the Training Center physician, because Brown's allegation simply states that "(d)efendants knew of the physical infirmities of the Plaintiffs's (sic) ... yet took no reasonable actions to ensure proper medical treatment ... (and that) ... the conduct in failing to provide adequate medical treatment was willful and wanton, disregarded (sic) their duties as keepers at the (prison)." This allegation is insufficient because it does not set forth with any degree of specificity the nature of the alleged physical infirmities or the manner in which treatment was allegedly denied. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989).
 
 
 7
 The district court also properly dismissed Brown's complaint against the Corrections Cabinet; the Eleventh Amendment of the Constitution prohibits federal courts from entertaining suits by private parties against states and state agencies. Alabama v. Pugh, 438 U.S. 781 (1978).
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation