931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Joseph Macastle JACKSON, Plaintiff-Appellant,
v.
OKLAHOMA DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 90-6328.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Joseph Macastle Jackson brought a cause of action under 42 U.S.C. Sec. 1983 seeking damages and injunctive relief. The only named defendant in the caption of the complaint is "A Religious Office in the Structure of the State of Oklahoma Department of Corrections Requiring a Religious Test as a Qualification, and the Religious Agents Thereof and Elsewhere." The body of the complaint, however, lists the Oklahoma Department of Corrections as the defendant. Plaintiff alleges that his constitutional rights have been violated by a state policy that allows prison officials to intervene excessively in the plaintiff's exercise of his religious beliefs. The district court dismissed the action, without prejudice to further proceedings against a suable defendant in a proper judicial district. Its stated grounds were that the Department of Corrections is protected from suit by the Eleventh Amendment and that plaintiff has failed to name as a defendant any particular person who had deprived plaintiff of his constitutional rights under color of state law. It also found that venue was improper and should have been in the Northern, instead of the Western, District of Oklahoma.
 
 
 3
 We agree with the district court that suit against the Oklahoma Department of Corrections, for either injunctive relief or damages, is barred by the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781, 782 (1978); Eastwood v. Dep't of Corrections, 846 F.2d 627, 631-32 (10th Cir.1988). We also agree with the district court's ruling that no other person acting under color of state law has been identified as a defendant.
 
 
 4
 AFFRIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3