979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John C. JUSTICE and Steven T. Lynch, Plaintiffs-Appellants,
v.
Lieutenant Jerry SUITS, D.R. Freiedman, David G. Sandahl,
et. al., Defendants-Appellees.
 No. 91-3013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 20, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 John Justice and Steven Lynch sued various officials of the Shawnee Correctional Center in Vienna, Illinois, under 42 U.S.C. § 1983. The district court dismissed the suit for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The plaintiffs appeal.
 
 
 2
 We affirm essentially for the reasons stated in the attached district court order. We note that on appeal the plaintiffs rely on several Eighth Circuit decisions. Of these cases, McDonell v. Hunter, 809 F.2d 1302, 1309 (8th Cir.1987), most strongly supports plaintiffs' position. However, McDonell involved searches of prison employees' vehicles. It fails to undermine our conclusion in Mayo v. Lane, 867 F.2d 374, 376 (7th Cir.1989), upon which the district court relied, that Illinois law confers upon outside persons no right of visitation. Absent such a right, the defendants' insistence on searching Justice's car, to be upheld, must simply meet legitimate penological objectives. Young v. Lane, 922 F.2d 370, 374 (7th Cir.1991). Because of the wide-ranging deference to be accorded the decisions of prison administrators, the burden is not on the prison officials to show affirmatively that its policy or action meets these objectives. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 128 (1977).
 
 
 3
 We add to the district court's Eighth Amendment discussion merely by noting that lack of companionship, even if it continues over an extended period of time, does not constitute cruel and unusual punishment. Bono v. Saxbe, 620 F.2d 609, 614 (7th Cir.1980). See also Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir.), cert. denied, 469 U.S. 845 (1984); Jackson v. Meachum, 699 F.2d 578, 581-583 (1st Cir.1983); Newman v. State of Alabama, 559 F.2d 283, 291 (5th Cir.1977), rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781 (1978) (reversing with respect to some defendants on Eleventh Amendment grounds).
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF ILLINOIS
 
 5
 John C. Justice and Steven T. Lynch, Plaintiffs,
 
 
 6
 vs
 
 
 7
 Lt. Jerry Suits, PFC D.R. Friedman, David G. Sandahl,
 
 
 8
 Michael P. Lane, Kenneth L. McGinnis, Gary Rich,
 
 
 9
 and Unknown Employees of the Shawnee
 
 
 10
 Correctional Center, Defendants.
 
 No. 90 3764
 
 11
 July 19, 1991.
 
 ORDER
 
 12
 This matter is before the court on the Magistrate's Report and Recommendation filed May 23, 1991 (Doc. 25). The plaintiffs have filed timely objections, and therefore, the court will make a de novo determination pursuant to 28 U.S.C. § 636(b).
 
 
 13
 Before the court is the defendants' motion to dismiss plaintiffs' amended complaint (Doc. 19).
 
 
 14
 Plaintiffs' amended complaint sets forth a chronology of events which led up to the filing of this lawsuit. Plaintiff Justice is a friend of plaintiff Lynch, and in May or June of 1989, plaintiff Justice went to Shawnee Correctional Center to visit plaintiff Lynch. At that time Justice and his car were searched by correctional officers, over his objection. Then, on May 13, 1990, Justice was taking Lynch's son to visit. At that time, Justice again objected to his car being searched, but allowed the search to take place so that Lynch's son could visit with his father. Finally, on June 16, 1990, a picnic was scheduled at Shawnee Correctional Center for inmates and their friends and families. At this time, plaintiff Justice attempted to avoid the search of his car by parking about one-quarter of a mile away and walking to the facility. As Justice attempted to enter the facility on foot, he was approached by defendant Childs who said that he would not be permitted to walk onto the premises. Justice then returned to his car and drove it into the line of cars approaching the facility. When he reached the check in point, defendant Suits asked to search his car. Justice stated that such a search would be in violation of the Fourth Amendment and the Illinois Constitution. Defendant Childs and defendant Friedman informed Justice that he would have to permit the search or leave the premises. This time, Justice did not submit to the search of his car and left the prison. On June 27, 1990, Justice received a letter informing him that he had been placed on the permanent restriction list for visiting institutions under the control of the Illinois Department of Corrections.
 
 
 15
 In their thirteen count complaint, the plaintiffs allege primarily four causes of action: (1) That plaintiff Justice was required to submit to an unreasonable search in violation of the Fourth Amendment and Illinois Constitution; (2) That the search was conducted in retaliation for Justice's assertion of his constitutional right not to searched without probable cause; (3) That the plaintiffs, Justice and Lynch, were deprived of rights without due process; and (4) That plaintiff Lynch has been subjected to cruel and unusual punishment by being denied visits from plaintiff Justice. Plaintiffs seeks declaratory relief and compensatory and punitive damages. They also seek an injunction ordering the defendants to "refrain from searching privately owned vehicles that enter upon the property of the State of Illinois outside the confines of a correctional center where inmates are not given unsupervised access unless there be reasonable suspicion that a crime has been committed in which a particular vehicle has been implicated."
 
 
 16
 In his Report and Recommendation, the magistrate conducted a thorough evaluation of the plaintiffs' claims, and found that the defendants' motion to dismiss should be granted as to all counts and all defendants. In their objections, the plaintiffs assert that their amended complaint does not involve a visitation issue. They assert that the only issues they seek to litigate are the unreasonable searches, retaliation for asserting a constitutional right, deprivation of rights without due process, and cruel and unusual punishment.
 
 
 17
 It appears to the court that the entire lawsuit is based on plaintiff Justice's mistaken impression that prison visitors should not have to waive their Fourth Amendment rights as a condition to visiting inmates of the Illinois Department of Corrections. Plaintiff Justice also engages in a game of semantics when he insists that he did not violate DOC regulations because he did not refuse a search, he objected to the search.
 
 
 18
 As the magistrate noted, plaintiff Justice has no constitutional right to visit Lynch in prison. See Mayo v. Lane, 867 F.2d 374 (7th Cir.1989). Thus, if plaintiff Justice is to enter the prison as a visitor, he must abide by the rules set by the Illinois Department of Corrections relating to visitation. There is no indication that the Illinois Department of Corrections Rules at 20 Ill.Admin. § 525.60(f) are unconstitutional, and in fact, they appear to meet legitimate penalogical objectives of maintaining the security of the institution during visits. See Alabama v. Pugh, 438 U.S. 781 (1978).
 
 
 19
 Plaintiff Justice has no right to enter an Illinois Department of Correction facility without submitting to a search of his person and his car. Therefore, his claim that the search requirement violates that Fourth Amendment and the Illinois Constitution is wrong. The mere fact that Justice parked his car about a quarter of a mile away from the Correctional Center at the time of the last visit, does not change the situation. The court is not going to second guess the prison officials' decision not to permit visitors to walk onto the premises during a picnic on the grounds.
 
 
 20
 The plaintiffs' claims of retaliation are patently wrong. In his objections, plaintiff Justice argues that after he asserted his rights under the Fourth Amendment, he was retaliated against by being required to leave the premises and being placed on the permanent restriction list. As the magistrate noted, even assuming that the facts as stated by the plaintiffs are true, they have failed to allege a constitutional violation. Plaintiff Justice admittedly refused to allow his car to be searched on June 16, 1990, and any action taken against him was not in retaliation for the exercise of a constitutional right, because he had no right to enter the Shawnee Correctional Center without submitting to the search.
 
 
 21
 Plaintiffs' due process claims must also fail, because plaintiff Justice has no constitutional right to visit plaintiff Lynch at the Shawnee Correctional Center and plaintiff Lynch has not been denied the right to receive visitors other than Justice who failed to comply with prison regulations.
 
 
 22
 Finally, the magistrate discusses at length plaintiff Lynch's claim that he has been subjected to cruel and unusual punishment by the defendants' refusal to permit Justice to visit him. For the reasons stated by the magistrate, the court agrees that the denial of visitation in this case does not constitute cruel and unusual punishment.
 
 
 23
 For all of these reasons, the defendants' motion to dismiss (Doc. 19) is granted as to all counts and all defendants.
 
 
 24
 IT IS SO ORDERED.
 
 W.L. Beatty
 WILLIAM L. BEATTY
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record