# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-20207
Summary Calendar

MARVINELL HARLAN and GREGORY HARLAN

                                        Plaintiffs-Appellants

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
RALPH ROUSE, Individual Capacity; KENDRICK SMALL, Attorney,
Individual Capacity; TAMARA MILLER, Deputy Director, Individual
Capacity; TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY
SERVICES (CPS); JANICE PETRY, FAD Program Director, Individual
Capacity; RANDY JOINER-HOUSTON, CPS Director, Individual Capacity;
THOMAS CHAPMOND, Executive Director, Individual Capacity; BETTY
HABLE, Ombudsman Director, Individual Capacity

                                        Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1943

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Plaintiffs Marvinell and Gregory Harlan appeal the dismissal of their suit on defendants' motion to dismiss. Plaintiffs claim that the defendants violated their constitutional rights when the Texas Department of Family and Protective Services ("DFPS") removed a minor child from their foster care. We agree with the district court's disposition of this case.

The district court correctly ruled that it did not have subject matter jurisdiction over the Department of Health and Human Services because the department's sovereign immunity protects the federal government from this suit. Absent an express waiver of immunity, the United States, its departments and employees in their official capacities are immune from suit. *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996); *In re Supreme Beef Processsors, Inc.*, 468 F.3d 248, 251-252 (5th Cir. 2006). Similarly, the claims against the Texas DFPS are barred by the Eleventh Amendment which deprives federal courts of jurisdiction to hear a suit by a private citizen against a state in federal court. *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978); *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001).

The district court also correctly dismissed the three federal employees, Small, Rouse and Miller, for failure to state a claim and the individual state defendants, Petrey, Joiner, Chapmond and Hable, on the basis of qualified immunity. Plaintiffs failed to plead sufficient facts to demonstrate that the defendants' conduct violated any constitutional right. The plaintiffs' adoption of the minor child was never consummated. The plaintiffs cite no authority, clearly established or otherwise, that indicates that they had any protected constitutional rights or interests related to that child. Moreover, plaintiffs' failure to show that the defendants violated any of plaintiff's constitutional rights precludes all of their claims.

For the foregoing reasons, the judgment of the district court is AFFIRMED.