NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0365n.06

No. 22-2095

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>JOHN DOE, M.D.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td>v.</td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE EASTERN</td></tr>
<tr><td>BOARD OF REGENTS OF THE UNIVERSITY</td><td>)</td><td>DISTRICT OF MICHIGAN</td></tr>
<tr><td>OF MICHIGAN; MARIE LOZON, M.D.; JUSTIN</td><td>)</td><td></td></tr>
<tr><td>DIMICK, M.D.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>OPINION</td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Aug 09, 2023
DEBORAH S. HUNT, Clerk

Before: MOORE, ROGERS, and GRIFFIN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff John Doe, M.D., is a physician at the University of Michigan Health System ("UMHS"). After UMHS initiated disciplinary proceedings against Doe, UMHS suspended his clinical privileges indefinitely and reduced his salary. Doe filed this lawsuit, claiming that he was deprived of his liberty and property interests without due process in violation of the Fourteenth Amendment. He sought monetary damages, as well as an injunction requiring the defendants to reinstate his clinical privileges and refrain from reporting his suspension to the National Practitioner Data Bank ("NPDB"). Defendants filed motions to dismiss, arguing that the Eleventh Amendment barred Doe's claims against the Board of Regents, the Board is not a person subject to suit under 42 U.S.C. § 1983, Doe failed to state a claim for a Fourteenth Amendment violation, and even if he had, the individual defendants were protected by qualified immunity. Doe sought permission to amend his complaint. The district

court granted the motions to dismiss and denied the motion to amend the complaint.  Doe appealed.

We **AFFIRM** the district court.

## I.  FACTS AND PROCEDURAL HISTORY[1]

John Doe is a physician at UMHS.  R. 1 (Compl. ¶¶ 4, 12) (Page ID #2, 4).  He is also a

tenured professor of surgery at the University of Michigan Medical School.  *Id.* ¶ 12 (Page ID #4).

During his employment with UMHS, Doe spoke several times with UMHS leadership to "report

concerning administrative practices, particularly related to transparency and accountability."  *Id.*

¶ 38 (Page ID #10).  Doe alleges that after he spoke out, UMHS initiated disciplinary proceedings

against him for "three recent non-event matters."  *Id.* ¶ 39 (Page ID #10).  UMHS then suspended

Doe's clinical privileges indefinitely and advised that it would report this to the State of Michigan

Board of Medicine and to the NPDB.  *Id.* ¶ 40 (Page ID #11).  Doe contends that those three

matters were investigated and determined to be "non-issues," before the UMHS Office of Clinical

Affairs reopened the investigations.  *Id.* ¶ 41–42 (Page ID #11).

The first incident concerned Doe's supervision over a fellow during a surgery, the second

concerned a surgical procedure with increased bleeding, and the third concerned "Dr. Doe sharing

a video that had offensive language to colleagues."  R. 38-1 (Amended Compl. ¶ 49) (Page ID

#948).  Following these incidents, UMHS suspended Dr. Doe's clinical privileges and reported the

suspension to the State of Michigan Board of Medicine and to the NPDB.  R. 1 (Compl. ¶ 40)

(Page ID #11).  Approximately nine months later, Doe filed this lawsuit against the Board of

---

[1]The Board of Regents filed a motion to strike Doe's reply brief for including a plethora of facts that were not presented to the district court.  The reply brief contains numerous facts that are not in the record below.  The panel has disregarded any facts not included in the district court record, and we therefore deny the motion to strike as moot.  *See Simmons v. Middle Tenn. State Univ.*, No. 95-6111, 1997 WL 400105, at *1 (6th Cir. Jul. 11, 1997) (per curiam).

Regents of the University of Michigan, Marie Lozon, M.D., and Justin Dimick, M.D, claiming that he was suspended from his clinical privileges and had his salary reduced without due process. *Id.* He alleged a Fourteenth Amendment claim for deprivation of procedural due process as well as state-law claims for breach of contract, breach of fiduciary and public duties, intentional infliction of emotional distress, and retaliation. *Id.* ¶¶ 100–65 (Page ID #21–31).

The Board of Regents filed a motion to dismiss, arguing, among other things, that the Eleventh Amendment barred Doe's claims against the Board of Regents. R. 14 (Bd. of Regents Mot. to Dismiss at 3) (Page ID #288). The individual defendants also filed a motion to dismiss, arguing that Doe failed to state a claim for a Fourteenth Amendment violation and that the individual defendants were protected by qualified immunity. R. 15 (Individual Defs.' Mot. to Dismiss at 8, 11) (Page ID #504, 507). Doe filed responses to both motions to dismiss and filed a motion to amend his complaint. R. 34 (Resp. to Bd. of Regents's Mot. to Dismiss at 1) (Page ID #827); R. 35 (Resp. to Individual Defs.' Mot to Dismiss at 1) (Page ID #865); R. 38 (Mot. for Leave to Amend Compl. at 1) (Page ID #920). His response to the individual defendants' motion failed to address the qualified immunity issue. R. 35 (Resp. to Individual Defs.' Mot. to Dismiss at 1–22) (Page ID #872–93). The district court granted both motions to dismiss, concluding that the Board of Regents was protected by sovereign immunity and that the individual defendants were protected by qualified immunity. R. 61 (Dist. Ct. Order at 6–10) (Page ID #1457–61). It also denied Doe's motion to amend his complaint, concluding that Doe's proposed amendment was futile. R. 61 (Dist. Ct. Order at 21) (Page ID #1472). Doe timely filed a notice of appeal. R. 68 (Notice of Appeal at 1) (Page ID #1526).

## II. ANALYSIS

### A. Claims Against the Board of Regents

The Eleventh Amendment "bar[s] a citizen from suing his own State under the federal-question head of jurisdiction." *Alden v. Maine*, 527 U.S. 706, 727 (1999). A plaintiff may overcome this immunity when Congress has abrogated the state's immunity or when the state consents to the suit. *See Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 635 (1999); *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). Eleventh Amendment immunity applies only to "arms of the state," rather than "state instrumentalities . . . properly . . . characterized as political subdivisions" of the state. *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 610 F.3d 321, 325 (6th Cir. 2010). This bar also applies to claims for injunctive relief. *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978) (per curiam).

This court has previously held that the Board of Regents of the University of Michigan is entitled to Eleventh Amendment immunity. *Est. of Ritter v. Univ. of Mich.*, 851 F.2d 846, 851 (6th Cir. 1988). This court has approvingly cited that decision as recently as 2015. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 775–76 (6th Cir. 2015). A prior published opinion is binding unless an inconsistent decision by the Supreme Court renders modification necessary or the court overrules the prior decision. *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 390 (6th Cir. 2021). The Board of Regents of the University of Michigan is therefore shielded from liability by the Eleventh Amendment.

### B. Claims Against the Individual Defendants

Doe also sued Doctors Marie Lozon and Justin Dimick individually. R. 1 (Compl. at 1) (Page ID #1). The individual defendants argued in their motion to dismiss that they were protected

by qualified immunity, which shields government employees from liability under § 1983 "insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Hearring v. Sliwowski*, 712 F.3d 275, 279 (6th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (ellipses in original)). Doe failed to make any argument in the district court that the individual defendants were not protected by qualified immunity. The district court therefore concluded that he had forfeited the issue and granted qualified immunity. R. 61 (Dist. Ct. Order at 9) (Page ID #1460). Arguments not raised before the district court are forfeited on appeal. *Johnson v. Ford Motor Co.*, 13 F.4th 493, 503 (6th Cir. 2021). We affirm the district court's grant of qualified immunity on this basis.

Doe also brought an *Ex parte Young* injunctive claim. But "[o]ne prerequisite for the *Ex parte Young* exception to apply is that the claimant must explicitly allege that a state official acted in her official capacity." *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 517 (6th Cir. 2023). And a state's Eleventh Amendment immunity "cannot be abrogated by the plaintiff's simply leaving the capacity of the state actor unsaid in the complaint, to be guessed by the court and defendant." *Id.* Doe's complaint does not specify that he is suing Drs. Lozon and Dimick in their official capacities, and therefore we affirm the district court's dismissal of the *Ex parte Young* claims, though on different grounds.

## C. Motion for Leave to Amend Complaint

We "review[] a denial of leave to amend a pleading for abuse of discretion, unless the district court denied leave based 'on the legal conclusion that an amended complaint could not withstand a motion to dismiss.'" *Doe v. Mich. State Univ.*, 989 F.3d 418, 424 (6th Cir. 2021) (quoting *Boulton v. Swanson*, 795 F.3d 526, 537 (6th Cir. 2015)). The district court denied the

motion for leave to amend because the "Plaintiff's proposed amendments would not save his Complaint from dismissal." R. 61 (Dist. Ct. Order at 21) (Page ID #1472). Doe attempted to amend his complaint to add allegations against another defendant, Michael Mulholland, M.D. R. 38-1 (Proposed Amended Compl. ¶ 7) (Page ID #938). He also wished to add factual allegations that UMHS had offered him an increased compensation package to retain him as an employee, *id.* ¶¶ 39–45 (Page ID #946–47), and to add information about the "non-event issues" originally mentioned in his initial complaint, *id.* ¶ 49 (Page ID #947–48). He additionally sought to add more information about the revocation of his clinical privileges. *Id.* ¶ 109–29 (Page ID #958–61). None of these proposed changes, however, addressed the primary problems with his complaint: he did not plead facts that overcome the immunity defenses of either the Board of Regents or the individual defendants. We therefore affirm the district court's denial of the motion for leave to amend the complaint.

## III. CONCLUSION

The Board of Regents is protected by Eleventh Amendment immunity, and Doe forfeited any argument that the individual defendants were not protected by qualified immunity. His injunctive claim against Drs. Lozon and Dimick fails because he neglected to state that he was suing the individual defendants in their official capacities. The proposed amendments to the complaint would not have overcome any of these issues. We therefore **AFFIRM** the judgment of the district court.