**JoAnn DeLONG, Plaintiff,**

v.

**R. Bruce BRUMBAUGH, Judge of Common Pleas for the Commonwealth of Pennsylvania and the Commonwealth of Pennsylvania, Defendant.**

Civ. A. No. 87–369.

United States District Court,
W.D. Pennsylvania.

Jan. 12, 1989.

---

**3.** And see Kelley Affidavit of August 17, 1988, Paragraph 16.

400

Robert W. Lape, Jr., Roaring Spring, Pa., for plaintiff.

Kenneth J. Benson, Nancy E. Gilberg, for defendant.

## OPINION

ZIEGLER, District Judge.

Pending before the court are two questions in this civil action for declaratory and equitable relief predicated on the Fourteenth Amendment, 42 U.S.C. § 1983, and the Rehabilitation Act of 1973. First, whether 42 Pa.C.S.A. § 4502, which sets forth the qualifications for jury service in the state courts of Pennsylvania, is unconstitutional on its face. Second, whether the application of the qualifications to JoAnn DeLong, a deaf citizen otherwise qualified to serve as a juror, was violative of plaintiff's right to equal protection and due process, and Section 504 of the Rehabilitation Act of 1973. Following a hearing on plaintiff's motion for a preliminary injunction, the parties agreed to consolidate that hearing with a trial on the merits. *See* Fed.R. Civ.P. 65(a)(2).

We hold that plaintiff's facial challenge cannot prevail because the statute is neither overbroad nor invalid in all applications. We further hold that all claims of plaintiff against the Commonwealth of Pennsylvania are barred by the Eleventh Amendment. Finally, we hold that plaintiff has established, by a preponderance of the evidence, that the state court violated Section 504 of the Rehabilitation Act when

it disqualified JoAnn DeLong from the jury array of the Court of Common Pleas of Blair County, Pennsylvania, solely because she is deaf. As a result, we need not address the remaining constitutional claims of plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

(1) Plaintiff, JoAnn DeLong, is a deaf, adult citizen of the Commonwealth of Pennsylvania who resides at 933 Chestnut Street, Roaring Spring, Blair County, Pennsylvania.

(2) Plaintiff is able to read, write and understand the English language; she suffers from no mental infirmity; and she has reached the required minimum age for voting in all state and local elections.

(3) Defendant, Honorable R. Bruce Brumbaugh, was elected judge of the Court of Common Pleas of Blair County, Pennsylvania, and assumed the duties of office on January 7, 1980. At all relevant times, defendant was acting in an official capacity, under color of state law, and within the scope of his employment as a judicial officer.

(4) In 1986, the County of Blair, Pennsylvania, received approximately $855,000 in unrestricted federal revenue sharing funds which were used, in part, to defray the capital expenditures of the Court of Common Pleas of Blair County, Pennsylvania.

(5) Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

(6) The Commonwealth of Pennsylvania has enacted a statute which provides in relevant part:

*Qualifications of Jurors.*
Every citizen of this Commonwealth who is of the required minimum age for voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:
(1) is unable to read, write, speak and understand the English language;
(2) is incapable, by reason of mental or physical infirmity to render efficient jury service ... 42 Pa.C.S.A. § 4502.

(7) On October 6, 1986, JoAnn DeLong reported as directed by local officials to the Blair County Courthouse at Hollidaysburg, as a member of the civil jury array. *See* Plaintiff's Ex. 2. Plaintiff was accompanied by an experienced interpreter of American Sign Language.

(8) American Sign Language is the language used by the deaf community in the United States and the English speaking provinces of Canada. It is a language that is visual and gestural in nature. American Sign Language includes such variations as Signed English, Pidgin Sign English and Manually Coded English.

(9) Plaintiff understands the English language and speaks to the hearing world by using Pidgin Sign English and an interpreter.

(10) The interpreter was prepared to transliterate for plaintiff the spoken instructions of the state court to the array by using Pidgin Sign English. Plaintiff then communicates her response, if any, to the interpreter by using Pidgin Sign English, and the interpreter conveys the sign in spoken English.

(11) After a side bar conference with the interpreter, the court concluded that plaintiff did not meet the statutory qualifications of 42 Pa.C.S.A. § 4502(1) because she was unable to speak the English language and 4502(2) because she was unable to render efficient jury service due to a physical infirmity, namely, deafness. *See* Plaintiff's Ex. 4 at 22. Plaintiff was excluded from the array and discharged.

(12) Plaintiff was excluded from the array without objection from any lawyer or challenge from any party.

(13) Plaintiff was excluded from the array without a meaningful opportunity to explain to the court that she met all the statutory requirements of state law for service as a juror.

(14) Plaintiff was excluded from the array without a meaningful opportunity to explain to the court that she was able to meet the statutory requirement that she "speak and understand the English language."

(15) Plaintiff was excluded from the array without a meaningful opportunity to present evidence concerning American Sign Language and the use of idioms, emotion and emphasis of Pidgin Sign English to communicate to the deaf, including plaintiff, the intent, thought and spirit of the exact spoken word.

(16) Plaintiff was excluded from the array without a meaningful opportunity to present evidence that the interpreter could be placed in a courtroom in a position so that plaintiff could observe the court, counsel or witness, and the interpreter, without distraction to other participants.

(17) Plaintiff was excluded from the array without a meaningful opportunity to present evidence that deaf persons, including plaintiff, can and do make credibility determinations on a daily basis by use of signed interpretations, lip reading, observing facial and bodily expressions, context, consistency and personal demeanor of the speaker, and other observable factors.

(18) Pidgin Sign English is a distinct language employed by interpreters and deaf persons, such as plaintiff, to understand and speak the English language. An interpreter transliterates the spoken English word by signed messages to the deaf individual, while mouthing, at the same time, the exact spoken words. The deaf person receives the content of the spoken word by viewing the lip formations and the signed words. The deaf person communicates with the hearing world by signing. An interpreter interprets the sign and conveys the thought in spoken English to the hearing person.

(19) Pidgin Sign English is used to place idioms in context, such as "out of his mind," or "nutty as a fruitcake," so that a deaf person, such as plaintiff, recognizes that some words should not be taken literally.

(20) Pidgin Sign English can be used to explain emotion, anger, passion, love or disdain by use of intensity signs or by facial expressions. While there is no sign for every English word, finger spelling can be used, if necessary, to convey precise scientific terms without undue delay in the judicial proceeding.

(21) Pidgin Sign English, in conjunction with other senses, permits deaf persons, including plaintiff, to make credibility determinations and participate in the judicial process by use of signed interpretations, lip reading, observation of facial and bodily expressions, context, consistency and personal demeanor of the speaker and other observable factors.

(22) Qualified interpreters are available from the Registry of Interpreters for the Deaf, Inc., who are bound by oath and a code of ethics to interpret and transliterate in highly specialized situations. Plaintiff's Ex. 1; *see also* 42 PA.C.S.A. § 7103(c).

(23) Plaintiff, JoAnn DeLong, is an adult, educated, deaf person who resides and works in Blair County, Pennsylvania. On October 6, 1986, she was qualified to vote in all state and local elections, and was and is able to read, write and understand the English language. Because she was born without an impairment, plaintiff is able to speak to some degree and is able to communicate fluently through an interpreter.

(24) The evidence establishes that plaintiff became deaf at age seven and now communicates with a hearing person by use of writings, signs, expressions and an interpreter, when necessary. If plaintiff had been selected by the parties to serve as a juror in a case, the spoken word in the courtroom and jury room would have been conveyed to plaintiff by an interpreter using Pidgin Sign English. Plaintiff then would have communicated to the interpreter by Pidgin Sign English and the interpreter would have conveyed the sign in spoken English.

(25) Plaintiff was excluded from the array despite the persuasive evidence that she understands through sign language and other skills the emotion, emphasis, intent, thought, and use of the English language, that she is capable of making credibility determinations, and that she is able to speak to a hearing person through an interpreter.

(26) The interpreter could have been placed in the courtroom in such a position so that plaintiff could have observed the interpreter and the behavior of the speaker or witness, without distraction to other participants.

(27) The interpreter could have functioned under oath, in the jury deliberating process to convey to plaintiff, the spoken words of the hearing jurors, and the contributions of plaintiff without violating the secrecy of the jury's deliberations.

(28) The interpreter could have functioned, under oath, in the jury deliberating process to convey to plaintiff the spoken words of the hearing jurors, and the contributions of plaintiff, without impeding the efficiency of the jury's deliberations.

(29) On January 28, 1987, Allen Hammel served as a juror in the Court of Common Pleas of Blair County, Pennsylvania, in the case of the *Commonwealth of Pennsylvania v. Troy L. Miller,* Criminal No. 642 of 1986. The case required several days to try and, after appropriate instructions, the jury returned a unanimous verdict.

(30) Allen Hammel is a deaf, adult citizen of the County of Blair, Pennsylvania, who communicates to a hearing person through an interpreter. The interpreter transliterated the entire proceeding for Hammel, including the judge's instructions and the jury's deliberations, using Pidgin Sign English.

(31) Allen Hammel was born deaf and therefore has fewer verbal skills than JoAnn DeLong.

(32) The interpreter for Allen Hammel is the same individual who was prepared to interpret for JoAnn DeLong, if she had been selected to serve as a juror on October 6, 1986.

(33) Five jurors in the case of the *Commonwealth v. Miller* have testified that the presence of the deaf juror and the interpreter was neither disruptive nor inefficient.

(34) Section 504 of the Rehabilitation Act of 1973 provides that:

No otherwise qualified handicapped individual ... shall, solely by reason of his

handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794. In enacting the statute, Congress "made a commitment to the handicapped, that, to the maximum extent possible they shall be fully integrated into the mainstream of life in America." S.Rep.No. 890, 95th Cong., 2d Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978 p. 7312.

(35) The Court of Appeals has adopted a four-prong test to determine whether a handicapped person has established a violation of the Act. JoAnn DeLong must prove by a preponderance of the evidence that (a) she is a "handicapped individual" under the Act, (b) she was otherwise qualified to serve as a juror, (c) she was excluded from the array solely by reason of her handicap, and (d) the activity in question receives federal financial assistance. *Strathie v. Department of Trans.,* 716 F.2d 227, 230 (3d Cir.1983).

(36) The evidence preponderates that JoAnn DeLong is a handicapped person under the Act and that she was excluded from the array solely by reason of her handicap. Plaintiff's Ex. 4 at 12.

(37) The County of Blair, Pennsylvania, received unrestricted federal funds in 1986 and 1987 and part of those funds were used to defray the capital expenditures of the Court of Common Pleas of that County.

■ (38) The record establishes that JoAnn DeLong was also "otherwise qualified" to serve as a juror, if she had been selected to serve by the parties. The clear weight of the credible evidence compels the conclusion that the presence of a deaf person, with the skills of JoAnn DeLong, and an interpreter, would neither disrupt nor delay the judicial process in any respect.

(39) The expert witness for defendants testified that JoAnn DeLong was fully qualified to serve as a juror in Blair County and that exclusion of plaintiff from the array could not be justified on the basis of her impairment.

(40) The decision of the court to exclude plaintiff from the array was unreasonable, discriminatory and violative of Section 504 of the Rehabilitation Act. The evidence preponderates that the presence of JoAnn DeLong as a member of a jury, if selected, would have neither modified the essential nature of the judicial proceeding nor placed a burden on the County of Blair or the state court. *See Southwestern Community College v. Davis*, 442 U.S. 397, 412–413, 99 S.Ct. 2361, 2370, 60 L.Ed. 2d 980 (1979). Interpreters for deaf parties and witnesses are common in the trial courts of this Republic and the General Assembly of Pennsylvania has specifically provided that "in any civil proceeding in which a party is deaf, the court may appoint an interpreter to assist the party throughout the proceeding. Disposition of costs shall be in discretion of the court." 42 Pa.C.S.A. § 7103. We find that the cost of an interpreter for JoAnn DeLong would not have placed an undue financial burden on the County of Blair, the state court, or the parties, if the state court had determined to tax the expense as costs.

(41) The concern of the state court judge that the presence of an interpreter would violate the sanctity of the jury system and the secrecy of the jury's deliberations was misplaced. The record is clear that qualified interpreters are bound by oath to interpret accurately and perform only the assigned functions during the deliberative process. Moreover, at least one court has rejected the contention that the presence of an interpreter in the jury room deprived the defendant of a fair trial. *United States v. Dempsey*, 830 F.2d 1084 (10th Cir.1987). The record before us supports the reasoning of the Court of Appeals in *Dempsey*.

(42) The state court's application of the phrase "speak and understand the English language," 42 Pa.C.S.A. § 4502(1), to JoAnn DeLong constituted an unreasonable refusal to accommodate a handicapped individual. The literal application of the word "speak" to this educated, employed and productive citizen was violative of Section 504 of the Rehabilitation Act of 1973. We find that defendant has failed to establish the court's actions were "substantially justified." *Sullivan v. City of Pittsburgh*, 811 F.2d 171, 182 (3d Cir.1987); *Strathie v. Dept. of Transportation*, 716 F.2d 227, 230 (3d Cir.1983).

(43) We find that plaintiff has established, by a preponderance of the evidence, a violation of the Rehabilitation Act because (a) she is a handicapped individual, (b) she was otherwise qualified to serve as a juror, (c) she was excluded from the array solely by reason of her handicap, and (d) the activity in question received federal financial assistance.

(44) We are mindful that the authorities are divided concerning whether injunctive relief is appropriate where entities such as Blair County are no longer receiving federal funds. *Compare Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1111 (9th Cir.1987), with *Bachman v. Amer. Soc. of Clinical Pathologists*, 577 F.Supp. 1257, 1260–1264 (D.N.J.1983). However, the previous receipt of federal funds will support declaratory relief under the Act. *See Zolin*, 812 F.2d at 1111–1113.

(45) In determining the appropriateness of declaratory relief, we must consider (a) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (b) the convenience of the parties; (c) the public interest in a settlement of the uncertainty of obligation; and (d) the availability and relative convenience of other remedies. *Bituminous Coal Operators' Association, Inc. v. United Mine Workers*, 585 F.2d 586, 596–97 (3d Cir.1978). A showing of irreparable harm is unnecessary in an action for a declaratory judgment. *Steffel v. Thompson*, 415 U.S. 452, 471–72, 94 S.Ct. 1209, 1222, 39 L.Ed.2d 505 (1974).

(46) We find that declaratory relief will aid in clarifying and settling the legal issues in this case and will afford the parties relief from the uncertainty and controversy they face. Specifically, declaratory relief will aid in clarifying the issue whether JoAnn DeLong is qualified to sit on a jury and whether the presence of an inter-

preter violated the sanctity of the jury system.

(47) Declaratory relief will serve the public interest not only by publicly acknowledging that deaf persons, such as JoAnn DeLong, can efficiently serve on juries, but also by permitting litigants to be judged by "a body truly representative of the community." *See Carter v. Jury Commission*, 396 U.S. 320, 330, 90 S.Ct. 518, 524, 24 L.Ed.2d 549 (1969).

(48) Declaratory relief is appropriate here as a vindication of plaintiff's position and as a public statement of the extent of the rights of handicapped persons under Section 504 of the Rehabilitation Act of 1973.

(49) There is no evidence or reason to believe that a declaratory judgment would inconvenience the parties in this case.

(50) The state court judge testified originally that he would disqualify a deaf person under all circumstances. Tr. at 20 (September 26, 1988). Subsequently, he testified that he would no longer *sua sponte* disqualify a deaf juror, but concluded that an interpreter in a jury room was improper. Tr. at 10, 15 (December 20, 1988). We find that there is a reasonable likelihood that the parties or persons similarly situated will be involved in litigation on the same issues in the future. For example, JoAnn DeLong received notice from local officials in Blair County on the morning of the instant hearing that she was being summoned as a "volunteer" to serve as a member of the jury array on December 5, 1988. The notice was hand delivered by defense counsel. We find the fact that plaintiff can be called for service at any time, despite the fact that she did not volunteer, establishes that the probability of future litigation is real and likely to recur. *Terry v. Penn Central Corp.*, 668 F.2d 188, 190 (3d Cir.1981). A declaratory judgment will forestall such future litigation.

(51) Because JoAnn DeLong is not entitled to injunctive relief under the Rehabilitation Act at present due to absence of current federal funding for Blair County, the availability of other remedies is limited.

(52) We find that a substantial controversy exists between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

■ (53) Abstention is inappropriate in this case. Pennsylvania has no regulatory scheme or system of review for vindicating the rights of JoAnn DeLong as a handicapped person.

(54) The exercise of federal review will not disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern, that is, the right of qualified handicapped persons to serve on a jury, if selected by the parties. Neither the Commonwealth of Pennsylvania nor the state court have an elaborate scheme for selecting jurors. In fact, the state court judge stated that he tests the hearing capacity of a potential juror by the response to the inflection of his voice. Consequently, because no question bearing on state policy is presented for decision, a declaratory judgment will not impermissibly disrupt any state policy.

(55) The decision of the Court of Appeals in *Georgevich v. Strauss*, 772 F.2d 1078 (3d Cir.1985) is distinguishable for three reasons. First, JoAnn DeLong brought suit under 42 U.S.C. § 1983—which creates a cause of action for certain violations of federal law by state action—claiming that defendants violated the Rehabilitation Act of 1973. *See Everett v. Schramm*, 772 F.2d 1114, 1119 (3d Cir.1985). Whether the rights of JoAnn DeLong under the Rehabilitation Act were violated presents no unsettled question for statutory interpretation by a Pennsylvania state court.

(56) Next, unlike the three procedural remedies available to the plaintiffs in *Georgevich*, 772 F.2d at 1092–93, the parties here have failed to cite any procedure in Pennsylvania that permits state court review of this matter. Plaintiff's only remedy would be to file a federal civil rights action in state court. Hence, as the Court of Appeals acknowledged in *Georgevich*, where state court review is not possible, abstention serves no purpose. *Id.* at 1092.

(57) Pennsylvania law does not resolve the issue in this case to plaintiff's satisfaction, as in *Georgevich.* 772 F.2d at 1094–95. Consequently, because the state system is not in a position to safeguard the rights of JoAnn DeLong, federal action is necessary.

■ (58) Plaintiff has failed to establish that 42 Pa.C.S.A. § 4502 is unconstitutional on its face because the statute is neither substantially overbroad nor invalid in every application, and therefore judgment will be entered for defendants on that claim. *New York State Club Assoc. v. City of New York,* — U.S. —, 108 S.Ct. 2225, 2233, 101 L.Ed.2d 1 (1988); *Carter v. Jury Commission,* 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1969).

■ (59) Plaintiff's constitutional claims against the Commonwealth of Pennsylvania for equitable relief, predicated on the Fourteenth Amendment and 42 U.S.C. § 1983, are barred by the Eleventh Amendment. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

(60) Plaintiff's constitutional claims against the Commonwealth of Pennsylvania for declaratory relief, predicated on the Fourteenth Amendment and 42 U.S.C. § 1983, are barred by the Eleventh Amendment. *Helfrich v. Commonwealth of Pennsylvania,* 660 F.2d 88 (3d Cir.1981).

■ (61) Plaintiff's claims against the Commonwealth of Pennsylvania for declaratory and injunctive relief, predicated on the Rehabilitation Act, are barred by the Eleventh Amendment. *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242–246, 105 S.Ct. 3142, 3147–50, 87 L.Ed.2d 171 (1984). Pennsylvania has not consented to be sued in federal court, 42 Pa.C.S.A. § 8521(b), and therefore the claims of plaintiff that pre-date October 21, 1986 are not actionable.

(62) Congress abolished Eleventh Amendment immunity under the Rehabilitation Act on October 21, 1986. 42 U.S.C. § 2000d–7. However, we find that plaintiff has failed to establish a nexus between the challenged conduct and the Commonwealth of Pennsylvania subsequent to that date.

Judgment will be entered for the Commonwealth on all claims of plaintiff.

■ (63) Plaintiff's claims against the individual defendant are barred neither by the Eleventh Amendment, *Everett v. Schramm,* 772 F.2d 1114, 1118–1119 (3d Cir.1985), nor the doctrine of judicial immunity. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1983). The Court of Appeals has instructed that judicial immunity is no defense to declaratory relief where, as here, judges are sued as enforcers of statutes, or "where a suit challenges statutes related to the judicial process or statutes previously enforced by the particular judge against the plaintiff." *Georgevich v. Strauss,* 772 F.2d 1078, 1088 (3d Cir.1985). In short, we find that the individual defendant was not sued as a neutral adjudicator of the law.

■ (64) Plaintiff has filed a motion for class certification post trial on behalf of 150 deaf persons in Blair County. Approximately 75% are conversant in Pidgin Sign Language, although plaintiff's evidence is far from precise.

(65) While Rule 23 authorizes class certification post trial, under appropriate circumstances, we are not satisfied that there are questions of fact that are common to all deaf persons in Blair County. JoAnn DeLong is a unique, competent and courageous woman. She is highly skilled in Pidgin Sign Language. Some deaf persons may be more or less skilled than plaintiff in American Sign Language. Others may communicate by Signed English or Manually Coded English. A fact that can only be determined by a judge following a hearing with evidence and appropriate findings, after the array is summoned to the courthouse. We will therefore deny the motion for class certification.

(66) We have declined to reach the constitutional claims of plaintiff that are not essential to our judgment. The declaratory relief is bottomed on the Rehabilitation Act and, as the Court of Appeals has instructed, the "general rule, based upon overriding policy considerations, is to avoid constitutional issues unless essential to the

decision of a case." *Spicer v. Hilton,* 618 F.2d 232, 240 (3d Cir.1980).

(67) A written order will follow granting plaintiff declaratory relief against defendant, Honorable R. Bruce Brumbaugh, under the Rehabilitation Act, and denying the motion of JoAnn DeLong for class certification. Judgment will be entered for the Commonwealth of Pennsylvania on all claims of plaintiff.

## ORDER

AND NOW, this 12th day of January 1989, in accordance with the findings of fact and conclusions of law of record.

IT IS ORDERED that judgment be and hereby is entered on behalf of defendants, Commonwealth of Pennsylvania and Hon. R. Bruce Brumbaugh, on the claim of plaintiff that 42 Pa.C.S.A. § 4502 is unconstitutional on its face.

IT IS FURTHER ORDERED that judgment be and hereby is entered on behalf of defendant, Commonwealth of Pennsylvania, on all other claims of plaintiff.

IT IS FURTHER ORDERED that judgment be and hereby is entered on behalf of plaintiff, JoAnn DeLong, and against defendant, Hon. R. Bruce Brumbaugh, declaring that the exclusion of JoAnn DeLong from the jury array of the Court of Common Pleas of Blair County, Pennsylvania, on October 6, 1986, solely because she was deaf, violated Section 504 of the Rehabilitation Act of 1973.

IT IS FURTHER ORDERED that the remaining constitutional claims of plaintiff against the individual defendant shall be and hereby are deferred as a result of our findings with respect to the federal statutory claim of plaintiff.

IT IS FURTHER ORDERED that the motion of plaintiff for class certification be and hereby is denied.

IT IS FURTHER ORDERED that counsel for plaintiff shall file a motion for counsel fees with supporting affidavit, within 30 days, setting forth (a) the date of the service, (b) the nature of the service, (c) the hourly rate, (d) the specific fee for each service, (e) the total fee requested at the end thereof, and (f) costs, if any.