

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 14, 1996

The Honorable Mike Driscoll
Harris County District Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-392

Re: Whether an interpreter for a deaf juror may accompany the juror into the jury room during deliberations (RQ-723)

Dear Mr. Driscoll:

You ask this office whether an interpreter for a deaf juror may accompany the juror into the jury room during deliberations. You are concerned with an apparent conflict between article 36.22 of the Code of Criminal Procedure, which prohibits any person other than a juror from being in the jury room during deliberations, and sections 21.002 and 21.009 of the Civil Practice and Remedies Code, which entitle a deaf juror to the aid of an interpreter and permit the interpreter to be present during deliberations. In our view, this conflict must be resolved by permitting duly qualified interpreters who have sworn not to influence or give personal views to deliberating jurors and not to divulge jury deliberations to accompany deaf jurors into the jury room. This is consistent with the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the general trend of case law in this area. It is also consistent with recent changes by the Seventy-fourth Legislature to section 62.1041 of the Government Code. Furthermore, we do not believe such permission will violate the due process rights of a criminal defendant.

We note that the common law was not to this effect. "At Common Law," as Justice Goodman pointed out in *New York v. Guzman*, 478 N.Y.S.2d 455 (Sup. Ct. 1984), *aff'd*, 538 N.Y.S.2d 986 (App. Div. 1989), *aff'd*, 555 N.E.2d 259 (N.Y. 1990), "the deaf were considered to be proper defectum; (incompetent on account of or for some defect)." *Id.* at 463 (footnote omitted). A statute barring deaf or blind persons from service on grand and petit juries withstood federal constitutional challenge as recently as sixteen years ago. *Eckstein v. Kirby*, 452 F. Supp. 1235 (E.D. Ark. 1978). More recently yet, a New York statute which forbade any person save a grand juror being in the grand jury room was held to prohibit a deaf woman who required an interpreter from sitting on a grand jury. *Cooligan v. Celli*, 492 N.Y.S.2d 287 (N.Y. App. Div. 1985).

However, the recent trend in the case law, particularly in light of the Rehabilitation Act and the Americans with Disabilities Act, has been to open the opportunity of jury service to deaf and blind persons. In *New York v. Guzman*, 555 N.E.2d 259 (N.Y. 1990), the New York Court of Appeals upheld the conviction of a criminal defendant whose sole ground of appeal was that the trial court had not permitted him to challenge a deaf juror for cause. In the wake of that case, a trial judge in Westchester County, New York,

refused to permit a peremptory challenge to a deaf juror based on her disability. *New York v. Green*, 561 N.Y.S.2d 130 (Co. Ct. 1990). Following the *Guzman* case, a New York City criminal court ruled that the Americans with Disabilities Act required "reasonable accommodation" of a visually-impaired juror, that her visual limitations were not automatic grounds for disqualification, and that her participation on the jury would not deprive the defendant of due process. *New York v. Caldwell*, 603 N.Y.S.2d 713 (N.Y. Crim. Ct. 1993).

Cases from other jurisdictions are to the same effect. In *De Long v. Brumbaugh*, 703 F. Supp. 399 (W.D. Pa. 1989), the United States District Court for the Western District of Pennsylvania held that the exclusion of a deaf person from the jury array violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Similarly, in *Galloway v. Superior Court*, 816 F. Supp. 12 (D.D.C. 1993), the superior court's policy of excluding all blind persons from jury duty was held to violate the Rehabilitation Act and the Americans with Disabilities Act, 42 U.S.C. § 12132, as well as the Civil Rights Act of 1871, 42 U.S.C. § 1983. Most significantly for the purposes of this opinion, the United States Court of Appeals for the Tenth Circuit, in *United States v. Dempsey*, 830 F.2d 1084 (10th Cir. 1987), has held that the presence of a deaf juror's interpreter in the jury room did not as a matter of law deny a criminal defendant his right to a fair and impartial trial by jury.

Texas does not have a presumption against service by deaf jurors. Rather, section 62.1041 of the Government Code, as amended by the Seventy-fourth Legislature, states in relevant part:

> (a) A deaf or hard of hearing person is not disqualified to serve as a juror solely because of hearing loss except as provided by this section.

> (b) A deaf or hard of hearing person is disqualified to serve as a juror if, in the opinion of the court, his hearing loss renders him unfit to serve as a juror *in that particular case*.

> (c) A deaf or hard of hearing person serving as a juror shall be reasonably accommodated in accordance with the Americans with Disabilities Act. An interpreter who is assisting a deaf or hard of hearing person serving as a juror may accompany the juror during all proceedings and deliberations in the case. [Emphasis added.]

The Civil Practice and Remedies Code provides for the employment of interpreters in order to make jury service by deaf persons practicable. Thus, section 21.002(a) of the Civil Practice and Remedies Code reads:

> In a civil case or in a deposition, a deaf person who is a party or witness is entitled to have the proceedings interpreted by a court-appointed interpreter. A deaf person who is a juror *in any case* is

entitled to have the proceedings interpreted by a court-appointed interpreter. [Emphasis added.]

Section 21.009 of the Civil Practice and Remedies Code permits the interpreter for a deaf juror to be in the jury room:

(a) The interpreter appointed for a juror may be present and assist the juror during the jury deliberation.

(b) The presence of the interpreter during jury deliberations does not affect the validity of a verdict.

You note, however, an apparent conflict between sections 21.002(a) and 21.009 and article 36.22 of the Code of Criminal Procedure:

No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court.

While it might be argued that an interchange between interpreter and juror does not constitute "conversation," it is apparent that the plain language of article 36.22 would prevent the interpreter from being in the jury room during deliberations. Accordingly, the conflict must be resolved.

The Code Construction Act, chapter 311 of the Government Code, requires us in reading conflicting provisions of law to give effect to both the specific and general provisions if possible, and if not, to give effect to the specific provision as an exception. Gov't Code § 311.026. Accordingly, we regard sections 21.002 and 21.009 of the Civil Practice and Remedies Code as specific provisions prevailing over article 36.22 of the Code of Criminal Procedure.

Moreover, the Code Construction Act requires us to read later-enacted statutes as prevailing over prior enactments. Gov't Code § 311.025. We read section 62.1041, as amended, to prevail to the extent of conflict over article 36.22 of the Code of Criminal Procedure.

As you point out, to suppose that the provisions for an interpreter apply only in civil cases would leave the words "in any case" in section 21.002(a) without meaning. Moreover, any such interpretation would be likely to fall afoul of the Rehabilitation Act, 29 U.S.C. § 794, or the Americans with Disabilities Act, 42 U.S.C. § 12132.

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, provides:

No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

> discrimination under any program or activity receiving Federal financial assistance . . . .

In *De Long v. Brumbaugh*, 703 F. Supp. 399 (W.D. Pa. 1989), the court held that, while a Pennsylvania statute which disqualified jurors who could not speak English or were unable to perform as jurors because of an infirmity was not unconstitutional, its application to an otherwise qualified juror whose sole incapacity was deafness violated the Rehabilitation Act.

The federal district court rejected the claim of the state court judge that permitting an interpreter to assist the potential juror might harm the jury system:

> The concern of the state court judge that the presence of an interpreter would violate the sanctity of the jury system and the secrecy of the jury's deliberations was misplaced. The record is clear that qualified interpreters are bound by oath to interpret accurately and perform only the assigned functions during the deliberative process.

The Rehabilitation Act, as the *De Long* court notes, applies only if a program or activity "receives federal financial assistance." 703 F. Supp. at 404. It would not apply if a court did not receive such aid. However, even if the Rehabilitation Act did not apply to a particular court, the Americans with Disabilities Act would.

The Americans with Disabilities Act provides in relevant part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

We note that even such a statutory command as this, however, would fail if obeying it worked an injury to the due process rights of the criminal defendant guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. However, at least two courts which have considered this issue have found no such injury.

In *New York v. Guzman*, 555 N.E.2d 259 (N.Y. 1990), the New York Court of Appeals was faced with the argument that a deaf juror could not serve in a criminal case because the need of such a juror for an interpreter would violate the privacy of the jury room. Noting that the presence of an interpreter need not have the same effect as that of a court official, the Court of Appeals rejected the argument:

> The signer . . . is a neutral figure, associated only with a fellow juror, and her presence should not have such an effect [as that of a court official]. Of course, the presence of any nonjuror creates a

>danger that he or she will participate in the deliberations. But the signer and the jurors can be instructed that such participation is improper and that any breach should be reported to the court. We assume that the jury can be trusted to follow those instructions as they are trusted to follow all others. For similar reasons, the signer should be sworn to keep the confidences of the jury room. This, together with ethical constraints and the signer's hope of future employment in this capacity should provide sufficient insurance that the signer will not make public the proceedings in the jury room.

*Id.*

Since, in the *Guzman* case, the prospective deaf juror had been peremptorily challenged by the defense, the court of appeals' statement might be regarded as dicta. However, in *United States v. Dempsey*, 830 F.2d 1084 (10th Cir. 1987), the presence of the interpreter in the jury room was unquestionably a live issue. In that case, a criminal defendant who had been convicted of theft argued, among other things, that the presence of the interpreter during deliberations "deprive[d] him of his right to a fair and impartial trial by jury under the Sixth and Fourteenth Amendments." *Id.* at 1089. Accordingly, the *Dempsey* case squarely presents the argument that permitting an interpreter in the jury room would violate the defendant's due process rights.

In analyzing the potential difficulties which might arise because of the presence of the interpreter during deliberations, the Tenth Circuit considered these factors:

>(1) whether the presence of an interpreter would increase the likelihood of post-trial jury revelations of the jury deliberations or enhance challenges to the verdict;

>(2) whether the interpreter's presence would inhibit the jury's deliberations; and

>(3) whether the interpreter might unlawfully participate in the jury deliberations.

*Id.*

The court did not find that any of these factors required that the interpreter be kept out of the jury room. In particular, the court was not persuaded that the presence of the interpreter would have a chilling effect on the deliberations:

>The key question, we believe, is whether an interpreter for a deaf juror would be perceived by the other jurors, absent any evidence of inappropriate behavior, as an independent substantiality who might inhibit discussion. While we could speculate it might, we do not believe that it would. First, we think this television-age society has become so accustomed to seeing interpreters for the deaf translating

> to sign political speeches, newscasts, and the like that virtually all of us have come to view such interpreters more as part of the background than as independent participants. Second, an important social policy argues against automatically foreclosing members of an important segment of our society from jury duty simply because they must take an interpreter into the jury room.

*Id.* at 1091.

As to the question of attempts by the interpreter to participate in deliberations, the court noted that there was no evidence of such interference in the instant case, that the interpreter had sworn an oath to interpret faithfully, that the judge had admonished her to express no opinions, and that before the verdict was announced the judge asked her whether she had abided by her oath and the judge's admonition. While the court would have preferred that such an inquiry also have been made to the jury, it held that the safeguards in place were sufficient to uphold the conviction.

Such an interpreter's oath as both the *Dempsey* and *Guzman* courts contemplate is required under Texas law. Section 21.005(b) of the Civil Practice and Remedies Code provides:

> An interpreter appointed for a juror shall . . . take an oath that the interpreter will not:
>
> (1) participate in any manner in the deliberations of the jury;
>
> (2) communicate with any member of the jury regarding the deliberation of the jury except a literal translation of a juror's remarks made during deliberations; or
>
> (3) disclose any of the deliberations with any person following a verdict.

In our view, based on the *Guzman* and *Dempsey* decisions, permitting only a properly-qualified interpreter who has sworn this oath to accompany a deaf juror into the jury room to translate for the juror during deliberations will not work any injury to the defendant's due process rights. Accordingly, we find no constitutional bar to the application of sections 21.002 and 21.009 in the context of a criminal trial.

We caution that this exception must be strictly construed. Only a duly qualified interpreter who has taken the oath set forth in section 21.005 of the Civil Practice and Remedies Code is permitted to accompany a deaf juror into the jury room, and such an interpreter may do no more and no other during the jury deliberations than is authorized by his or her oath.

## S U M M A R Y

Pursuant to section 21.009 of the Civil Practice and Remedies Code and section 62.1041 of the Government Code, a duly qualified interpreter who has taken the oath required by section 21.005 of the Civil Practice and Remedies Code, and no other person, may accompany a deaf juror in a criminal case into the jury room during deliberations.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General