Dale HAMMOND, Plaintiff,

v.

ILLINOIS STATE BOARD OF EDU-CATION, County of Madison, Illinois, and Evelyn Bowles, in her official capacity as the County Clerk for Madison County, Illinois, Defendants.

Civ. No. 85–3497.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Jan. 10, 1986.

J. Thomas Long, Farrell & Long, P.C., Godfrey, Ill., for plaintiff.

Michael Pasko, West Frankfort, Ill., Michael Pasko, Asst. Atty. Gen., Mt. Vernon, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This matter is before the Court on plaintiff's Motion for a Preliminary Injunction (Document No. 5). By agreement of the parties and due to the urgency of the matter, the Court has consolidated the motion for preliminary injunction and the request for permanent relief. A hearing on the matter was held on January 3, 1986, where-

in argument and testimony were presented. The following memorandum represents this Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

On December 10, 1985, the plaintiff presented to the County Clerk of Madison County his nominating petition to stand as candidate for the office of Regional Superintendent of Schools, Madison County, Illinois. The Clerk refused to accept the nominating petition because the plaintiff did not include with the petition a certificate from the State Board of Education certifying that from the records of its office the plaintiff has the qualifications required by Ill.Rev.Stat. ch. 122, ¶ 3–1. This paragraph provides in pertinent part that:

No one is eligible to file his petition at any primary election for the nomination as candidate for the office of regional superintendent of schools nor to enter upon the duties of such office either by election or appointment unless he possesses the following qualifications: (1) he is of good character, (2) he has a master's degree, (3) he has earned at least 20 semester hours of credit in professional education at the graduate level, (4) he holds a valid all grade supervisory certificate or a valid state limited supervisory certificate, or a valid state life supervisory certificate, or a valid administrative certificate with superintendent endorsement, (5) he has had at least 4 years experience in teaching, and (6) he was engaged for at least 2 years of the 4 previous years in full time teaching or supervising in the common public schools or serving as a county superintendent of schools or regional superintendent of schools for an educational service region in the State of Illinois.

No petition of any candidate for nomination for the office of regional superintendent of schools may be filed and no such candidate's name may be placed on a primary or general election ballot, unless such candidate files as part of his petition a certificate from the State Board of Education certifying that from the records of its office such candidate has the qualifications required by this

Section; however, any incumbent filing his petition for nomination for a succeeding term of office shall not be required to attach such certificate to his petition of candidacy.

The County Clerk called the State Board of Education and asked if it would issue such a certificate and the State Board indicated that it would not because the plaintiff did not possess the qualifications referred to under subsection (6) above. Namely, the State Board refused to issue a certificate because the plaintiff had not engaged for at least 2 years of the 4 previous years in full time teaching in a common public school *in Illinois.*

On December 13, 1985, the plaintiff filed a 42 U.S.C. § 1983 complaint in this Court alleging that his constitutional rights have been violated and seeking to have this Court compel the Defendant State Board to issue the required certificate. On that same day, the plaintiff also moved for a temporary restraining order asking this Court to temporarily compel the County Clerk to accept the plaintiff's nominating petition prior to the December 16, 1985 deadline for filing. After a brief consultation with the defendants, the Court granted the temporary restraining order on December 13, 1985. The defendants have agreed to an extension of the temporary restraining order until final resolution on January 10, 1986.

At the January 3, 1986 hearing, the parties agreed that there were no disputed issues of fact. The plaintiff meets all the requirements to stand for election as the Regional Superintendent of Schools except that the plaintiff has not taught in an Illinois common public school for two of the four years preceding the plaintiff's request for a certificate of eligibility under paragraph 3–1. The plaintiff is of good character. He holds a Ph.D. degree from Southern Illinois University, Edwardsville, Illinois, and has received all of his education within the State of Illinois. The plaintiff has at least twenty semester hours of credit in professional education at the graduate level and he holds a valid administrative

certificate with a superintendent's endorsement. The plaintiff has been employed as a full time teacher in the Hazelwood School District, Hazelwood, Missouri, from 1974 to the present; therefore, the plaintiff has at least four years experience in teaching.

Both parties have briefed the constitutional issues involved. The plaintiff argues that subsection (6) is violative of the plaintiff's rights under the first amendment as an unlawful prior restraint to the plaintiff's fundamental right of association; that the section creates an unlawful classification under the equal protection clause of the fourteenth amendment; and that the section is violative of the privileges and immunities clause in that it seeks to restrain the plaintiff's right to practice his chosen profession in another state. The defendant contends that the right to be a candidate is not a fundamental right and that subsection (6) is rationally related to a legitimate state interest. Although not briefed by the plaintiff, at the hearing the plaintiff also argued that subsection (6) was ambiguous as to whether the prior teaching experience had to be in Illinois, and that therefore, the Court should interpret the subsection so as to avoid the constitutional issue.

Initially, the Court notes that although the subsection (6) is not perfectly clear, it is not that ambiguous so as to have this Court adopt the plaintiff's interpretation. The plaintiff argues for the construction of subsection (6) which would have the clause "for an educational school region in the State of Illinois" modify only the wording after the second last disjunctive "or." Under such a construction, the two years out of the last four years would have had to have been spent in teaching generally and not necessarily in Illinois, and the alternative requirements of serving as a county superintendent of schools or regional superintendent of schools would be limited to an educational service region in the State of Illinois. The plaintiff would meet the teaching requirement under this construction. However, such a construction ignores the fact that common public schools is defined elsewhere in the School Code to mean "any school operated by authority of this Act." Ill.Rev.Stat. ch. 122, ¶ 1–3. Therefore, even without the "State of Illinois" modification, the very terms upon which the plaintiff relies would, by definition, require Illinois teaching experience. Further, previous versions of this paragraph clearly required that the most recent teaching experience be in Illinois. The 1961 version of the paragraph states that "[n]o one shall be eligible to file his petition ... who has not at some time during the two preceding years been actively engaged in teaching or supervising on a full time basis in the public schools *of the State* ...." Ill.Rev.Stat. ch. 122, ¶ 3–1 (Smith-Hunt 1961). Had the Illinois Legislature intended to change the in-state experience requirement it surely would have made such an intention more apparent than the subsection presently reads. Therefore, although not perfectly clear, it is the Court's opinion that the subsection requires that the plaintiff teach two of his last four years in Illinois.

■ Implicit in two of three constitutional arguments presented by the plaintiff is the premise that the constitutional right to be a candidate is a fundamental right which requires the Court to apply the "strict scrutiny" and compelling interest test to subsection (6). However, the Supreme Court has never held that such a right, in and of itself, is a fundamental right. *Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982) (Opinion of Rehnquist, J.) "Far from recognizing candidacy as a 'fundamental right,' we have held that the existence of barriers to a candidate's access to the ballot 'does not of itself compel close scrutiny.'" *Id.* (citing *Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct. 849, 855, 31 L.Ed.2d 92 (1972).) *See also Hall v. Simcox*, 766 F.2d 1171, 1173 (7th Cir.1985) (Supreme Court has not decided which standard to apply). The plaintiff seeks to achieve fundamental right status by contending that a candidacy restriction such as that herein infringes on an individual's first amendment right of freedom of association and freedom of expression. While the

right to be a candidate is certainly intertwined with these two fundamental rights together with right to freedom of choice for voters, the regulation in question here does not restrict the plaintiff's right to associate with any *political* party or interest, nor does it restrict the voter's rights to advance a candidate (as opposed to a *particular* candidate). *See e.g.,* Tribe, *American Constitutional Law* 775 (1978). Therefore, the Court rejects the argument that subsection (6) infringes a fundamental right which would compel strict scrutiny analysis.

■ Rejecting the strict scrutiny analysis does not, however, automatically compel the use of the rational basis test. In *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), the Supreme Court invalidated an Ohio statute requiring early filing deadlines for independent presidential candidates by employing a balancing test. The Supreme Court balanced the degree of impact of the ballot restriction on the rights infringed against the interests asserted by the state and the relationship between the restriction and this interest. Likewise, in *Clements*, a plurality of the Court seemingly employed a balancing test to uphold a Texas constitutional provision that restricted a public official's ability to become a candidate for a public office other than the one he already had. Some commentators have urged that this balancing process, which would fall into the category of an intermediary test, should be employed to analyze such candidacy restrictions. Nowak, Rotunda, & Young, *Constitutional Law* 778 (2d ed. 1983). In the present case, the Court need not get caught up in this constitutional debate, because in its opinion, the subsection does not survive even minimal scrutiny under the rational basis test.

Under the rational basis test, the subsection would withstand constitutional challenge if it were rationally related to a legitimate state interest. At the hearing, the defendants advanced the position that the subsection was designed to ensure that those individuals running for Regional Superintendent of Schools be at least minimally familiar with the Illinois public school system. The defendants conceded, however, that an individual who taught for two of his last four years at the kindergarten level for a Chicago inner city public school would, if all the other requirements were met, qualify for the position of Regional Superintendent of Schools for Madison County, Illinois. The defendants further conceded that, in some cases, the disparity between any two school districts in Illinois could, and in many cases is, greater than the disparity between a school district in Madison County and one in Missouri. Based on these concessions, the defendants attempted to clarify that the State had an interest in ensuring that the candidates have a familiarity with the Illinois School Code and other Illinois school regulations. This is the only interest set forth by the defendants. The defendants agreed that teaching at a common public school would not, by itself, achieve this interest, but that because all teachers are supposedly required to attend four days of seminars a year on topics touching on Illinois school regulations, the requirement in the subsection indirectly ensures the State's objective.

The Court does not necessarily agree that the State interest involved here is legitimate. The State would certainly have a right to require that the Regional Superintendent be familiar with the Illinois School Code and other regulations if that job concerned such matters. However, Dr. Boyd Mitchell, a former two time superintendent of schools, testified that any legal matter concerning the Code or other regulations would immediately be referred to the Office of Legal Counsel for the State Board of Education. Arguably, the Regional Superintendent would have to be familiar enough with the Code and the regulations to know when a legal question is presented.

Assuming that the purported interest is legitimate, the Court fails to see how the specific requirement in question here rationally relates to that interest. As indicated above, the requirement at best only indirectly achieves its purposes. Dr. Mitch-

ell testified that, in his opinion, an individual such as the plaintiff, whose most recent experience was teaching in Hazelwood, Missouri, would be as qualified, assuming all else being equal, to serve as Regional Superintendent in Madison County as an individual whose most recent experience teaching was in Chicago. The rationale behind this opinion was that the Hazelwood and Madison County School Districts are more similar than Madison County and Cook County School Districts. Dr. Mitchell further indicated that, in his opinion, Illinois public school teachers, as a whole, are not that familiar with the Illinois School Code because such matters do not touch on their immediate job of teaching. Finally, as a practical matter, he indicated that most state school codes are similar.

While not attempting to engage in any least restrictive means analysis, the Court can think of a number of more rational, and less restrictive means to achieve its stated objective. In the instant case, the Court believes that after analyzing the stated interest and the requirement that attempts to achieve that interest, subsection (6) is unconstitutional because it is not rationally related to the state interest. Implicit in this holding is the Court's opinion that the rational basis test is not merely a device designed to achieve judgment for the defendant. Even under this low tier analysis, the statute in question must rationally and logically relate to the interest of the State. Such an indirect and tenuous relationship, as here, does not meet this low test. If the plaintiff's lack of Illinois teaching experience is important, the voters would reflect this concern through their vote. It is ironic to note that the position of State Superintendent of Education, the chief education office in Illinois, does not require prior teaching experience in Illinois. In fact, the present State Superintendent does not have any such experience. Nor do the members of the State Board of Education have to meet this requirement. See generally Ill. Rev.Stat. ch. 122, ¶ 1A–1 et al. The plaintiff acquired an administrative certificate with a superintendent's endorsement, so that apparently this credential also does not require prior Illinois teaching experience.

■ Although a discussion of the plaintiff's privileges and immunities clause argument is unnecessarily based on the above, the Court deems it appropriate to make a few comments. First, the subsection in question does not deprive the plaintiff his right to pursue his profession of teaching outside of Illinois. Second, the subsection treats both Illinois and non-Illinois residents equal; both must have prior Illinois teaching experience. Finally, unlike the typical privileges and immunities situation, Illinois is preventing one of its own citizens who wishes to run for the office from working outside of Illinois. Therefore, the Court does not believe that the privileges and immunities clause is relevant to this case.

Accordingly, the Court holds that Ill.Rev. Stat. ch. 122, ¶ 3–1(6) is unconstitutional as mentioned above. The Court therefore GRANTS the plaintiff's request for a permanent relief. The Court hereby ORDERS the Illinois State Board of Education to issue a certificate of eligibility to the plaintiff. The Court further ORDERS Evelyn Bowles, in her capacity as County Clerk for Madison County, Illinois, to accept plaintiff's nominating petition to stand for the office of Regional Superintendent of schools. The Court hereby DIRECTS the Clerk of the Court to enter final judgment for the plaintiff and against the defendants. The plaintiff is ORDERED to submit his application for attorney's fees and costs pursuant to 42 U.S.C. § 1988 within ten (10) days from the date of this order.

IT IS SO ORDERED.