**Robert B. DONALDSON II, Plaintiff,**

v.

**ILLINOIS STATE BOARD OF EDUCATION, COOK COUNTY, ILLINOIS, et al., Defendants.**

No. 90–3012.

United States District Court, C.D. Illinois, Springfield Division.

Feb. 15, 1990.

J. Thomas Long, D. Raymond Raney, Farrell & Long, Godfrey, Ill., for plaintiff.

Carol J. Barlow, Asst. Atty. Gen., Springfield, Ill., for defendants.

## OPINION

RICHARD MILLS, District Judge:

On January 17, 1990, Plaintiff Donaldson came to this Court seeking a preliminary injunction. Dr. Donaldson sought to have this Court order the Defendants to place his name on the ballot as a candidate in the Democratic primary election for the office of Superintendent of Educational Service Region of Cook County, Illinois.

There was some urgency in Plaintiff's request as the last day for the County Clerk of Cook County to certify the names of candidates was January 24, 1990.

The Court set Plaintiff's motion for a preliminary injunction for hearing on January 19, 1990, at 9:00 a.m. At that time counsel for Plaintiff and for the Illinois State Board of Education appeared and presented arguments. The Court gave each side until 5:00 p.m. on January 22, 1990, to file further briefs and took the matter under advisement.

On January 23, 1990, the Court issued its ruling on Plaintiff's motion for a preliminary injunction and on a motion to substitute a party defendant that Plaintiff had filed in the interim. In that order the Court denied the motion for a preliminary injunction and denied the motion to substitute a party defendant. The Court explained that, because of the short timetable we were faced with, we would merely state our ruling and later issue an opinion setting forth our reasoning.

We do so now.

### I—Facts

On August 28, 1989, Plaintiff applied to the Illinois State Board of Education for a certificate of eligibility to run as a candidate for Superintendent of Educational Service Region of Cook County, Illinois. On September 21, 1989, the State Board of Education denied Plaintiff's application for the reason that he did not meet the requirements of Ill.Rev.Stat. ch. 122, ¶ 3–1(6). That paragraph states that an individual cannot file his petition to run for regional superintendent unless "he was engaged for at least 2 years of the 4 previous years in full time teaching or supervising in the common public schools ... in the State of Illinois." *Id.*

On December 18, 1989, Plaintiff filed his nominating petition with the County Clerk of Cook County even though he did not have the required certificate of eligibility from the State Board of Education. On December 26, 1989, an objector's petition

was filed challenging Plaintiff's nominating petition. A hearing was held by the Cook County Electoral Board and on January 10, 1990, the Electoral Board issued a written opinion stating that Plaintiff could not run as a candidate for Superintendent of Educational Service Region of Cook County because Plaintiff did not file a certificate of eligibility from the State Board of Education.

Plaintiff filed his complaint and motion for a preliminary injunction on January 17, 1990. The complaint names as Defendants the Illinois State Board of Education, County of Cook, Illinois, Stanley Kusper, Jr., in his capacity as the County Clerk for Cook County, and the Cook County Officers Electoral Board. Plaintiff brings suit under 42 U.S.C. § 1983 alleging that Defendants have infringed upon his first amendment rights and have denied him equal protection of the laws.

## II—Motion to Substitute a Party Defendant

Before turning to Plaintiff's motion for preliminary injunction, the Court must first discuss Plaintiff's motion to substitute a party defendant. After the hearing was held on January 19, 1990, and after Plaintiff had an opportunity to review the State Board of Education's response to the motion for preliminary injunction, Plaintiff filed a motion to substitute Charles Linnegan as a Defendant in place of the State Board of Education. Mr. Linnegan is the Superintendent of the Illinois State Board of Education.

Plaintiff's motion was in response to the State Board of Education's argument that the eleventh amendment bars suit against the Illinois State Board of Education in this Court. Apparently conceding the accuracy of the Board's argument, Plaintiff moved to substitute.

■ In the motion to substitute, counsel for Plaintiff states that in the rush of getting the case before this Court counsel inadvertently named the State Board of Education instead of Charles Linnegan. Counsel further states that the mistake was through no fault of the Plaintiff, that the substituted Defendant would suffer no prejudice or surprise, and that the interests of justice and fairness would be served by allowing the substitution.

We question whether Plaintiff's mistake in naming the State Board of Education was actually caused by the "rush of getting the case before this Court." In *Hammond v. Illinois State Board of Education*, 624 F.Supp. 1151 (S.D.Ill.1986), a case on which Plaintiff heavily relies, the plaintiff also named the Illinois State Board of Education instead of the Superintendent of the Board. What law firm represented the plaintiff in *Hammond?* None other than the very firm that represents the Plaintiff in this case. Is the Court to believe that the mistake made in *Hammond* was also occasioned by the rush of getting that case before that court? Perhaps so. But what about the four year period that has passed since Plaintiff's counsel brought the *Hammond* case in the Southern District of Illinois? Has the firm representing Plaintiff Donaldson been so busy rushing other cases into other courts that Plaintiff's counsel was unable to discover the error? We think that to be very unlikely.

In any event, the mere fact that Plaintiff rushed this case into court is insufficient reason to allow Plaintiff's motion to substitute a party defendant. If any time constraints were present, they were solely of Plaintiff's own making. Plaintiff knew as early as September 21, 1989, that the State Board of Education would not issue him a certificate of eligibility, yet Plaintiff waited until seven days before the certification deadline to file his case. At the hearing on Plaintiff's motion for preliminary injunction Plaintiff argued that he had to wait until January 10, 1990, when the Electoral Board issued its opinion before he could file this case. We disagree. The Electoral Board merely confirmed what Plaintiff already knew—Plaintiff did not meet the requirements of the statute, the State Board of Education would not issue him a certificate of eligibility, and thus Plaintiff's nominating petition was deficient.

### III—Jurisdiction

Plaintiff alleges that jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff can use neither of those sections, however, to establish jurisdiction in this Court over the Illinois State Board of Education.

The eleventh amendment "prohibits federal courts from entertaining suits by private parties against states and their agencies." *Alabama v. Pugh,* 438 U.S. 781, 783, 98 S.Ct. 3057, 3057, 57 L.Ed.2d 1114 (1978). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Illinois State Board of Education is an agency of the state and is therefore absolutely immune from liability under 42 U.S.C. § 1983. *Gleason v. Board of Education of City of Chicago,* 792 F.2d 76, 79 (7th Cir.1986). Furthermore, the State Board of Education, as an agency of the state, is not a person within the meaning of the Civil Rights Act. *Id. See also Toledo, Peoria & Western R.R. Co. v. Illinois,* 744 F.2d 1296 (7th Cir.1984), *cert. denied,* 470 U.S. 1051, 105 S.Ct. 1751, 84 L.Ed.2d 815 (1985); *Edelberg v. Illinois Racing Board,* 540 F.2d 279, 281 n. 2 (7th Cir.1976). Thus, it is clear that this Court has no jurisdiction over Plaintiff's claim against the Illinois State Board of Education and that the Board should be dismissed as a Defendant.

### IV—Motion for Preliminary Injunction

Even were this Court to allow Plaintiff to substitute the Superintendent of the State Board of Education as a Defendant in place of the Board itself, the Court would still deny the motion for preliminary injunction.

In deciding whether to issue a preliminary injunction the Court must consider the likelihood of success on the merits, the lack of an adequate remedy at law, the prospect of irreparable harm if the injunction is not issued, and the balance of the relative hardships imposed on the parties. *Washington v. Walker,* 529 F.2d 1062, 1065 (7th Cir.1976). The Court finds that Plaintiff does not have a reasonable likelihood of success on the merits of this case. Thus, the motion for preliminary injunction is properly denied.

### A. *Whether Plaintiff Meets the Requirements of Ill.Rev.Stat. ch. 122, ¶ 3–1(6)?*

The first question the Court must consider in deciding whether Plaintiff has a reasonable likelihood of success on the merits is whether Plaintiff ostensibly meets the requirements of the statute. In deciding this, the Court must consider Plaintiff's work as a professor with a doctoral degree at Governors State University and his service as a member of the Bremen High School District No. 228 Board of Education.

The statute requires that an individual be "engaged for at least 2 years of the previous 4 years in full time teaching or supervising in the common public schools." It is clear that Plaintiff's work as a professor at Governors State University does not meet this requirement. Ill.Rev.Stat. ch. 122, ¶ 1–3 defines common public schools as "any school operated by authority of [the School Code]." Governors State University is not operated by authority of the School Code but was created by Ill.Rev.Stat. ch. 144, ¶ 1111, and is governed by the Board of Governors of State Colleges and Universities. Therefore, Governors State University does not qualify as a common public school.

Nor does Plaintiff's service as a school board member qualify as supervising within the meaning of the statute. Ill.Rev.Stat. ch. 122, ¶ 21–1 states that an individual may not supervise in the public schools unless that person holds a certificate of qualification granted by the State Board of Education or by the State Teacher Certification Board and a Regional Superintendent of Schools. The reference in ¶ 3–1(6) to supervising in the common public schools clearly refers to positions that require a supervising certificate issued under ¶ 21–1. A school board member is not required to have a supervising certificate and thus service as a school board member does not qualify as supervising within the meaning of ¶ 3–1(6).

B. *Whether Ill.Rev.Stat. ch. 122, ¶ 3–1(6) is Unconstitutional?*

■ Plaintiff argues that the requirement that a person wishing to run for Regional Superintendent of Schools must have been a teacher or supervisor in the public schools for two of the last four years is unconstitutional. Plaintiff's argument is that the statute denies him the free exercise of his first amendment rights, arbitrarily deprives him of the fundamental right to seek public office, and denies him equal protection of the law.

We reject Plaintiff's arguments that the statute is unconstitutional. First, the Supreme Court has never held that the right to seek public office is a fundamental right which would trigger strict scrutiny analysis. *Clements v. Fashing,* 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982) (opinion of Rehnquist, J.). In fact, the Court has held that the existence of restrictions on a candidate's access to the ballot does not, without more, compel strict scrutiny. *Bullock v. Carter,* 405 U.S. 134, 143, 92 S.Ct. 849, 856, 31 L.Ed.2d 92 (1972). *See Clements v. Fashing,* 457 U.S. at 963, 102 S.Ct. at 2843.

Secondly, we reject Plaintiff's argument that the Illinois statute in question infringes on his first amendment rights of freedom of association and freedom of expression. Although the right to be a candidate may be tied up with the rights of freedom of association and freedom of expression, the Illinois statute does not restrict Plaintiff's right to associate with a political party. Nor does the statute restrict a voter's right to advance a candidate. Thus, we disagree with Plaintiff's assertion that Ill.Rev.Stat. ch. 122, ¶ 3–1(6) impermissibly infringes on his first amendment rights.

Third, we find that Plaintiff's equal protection argument does not mandate a strict scrutiny analysis. As the Court has held herein, the statute Plaintiff challenges does not affect a fundamental right. Nor does the statute place a burden on a suspect class. Thus, the classification established by the statute is valid if it bears a rational relationship to a legitimate state purpose.

The Court finds that the statute is rationally related to a legitimate state interest and is thus not unconstitutional. In its reply brief the State Board of Education, through the Attorney General of Illinois, articulates several legitimate state interests to which the statute is related. The Board argues that the statute insures that the Regional Superintendent has hands-on, practical experience actually doing the work that he would direct as Regional Superintendent. The Illinois legislature could rationally determine that an individual could not properly perform the duties of a Regional Superintendent of Schools unless that person had first-hand experience with the kinds of problems a public school elementary or secondary teacher or supervisor faces. The requirement that a candidate must have been a teacher or supervisor in two of the four previous years is reasonably related to achieving that end.

The legislature could have also been concerned that a candidate for Regional Superintendent have *recent* experience with the public schools. By requiring experience as a teacher or supervisor in two of the last four years the legislature guarantees that a candidate for Regional Superintendent be familiar with current educational practices and problems.

Plaintiff heavily relies on *Hammond v. Illinois State Board of Education,* 624 F.Supp. 1151 (S.D.Ill.1986), to support his position that the challenged statute is unconstitutional. *Hammond,* as does this case, involves a challenge to Ill.Rev.Stat. ch. 122, ¶ 3–1(6) on constitutional grounds. The plaintiff in *Hammond* had been teaching public school in Missouri. The statute, however, requires the experience to be from teaching or supervising in the State of Illinois. Thus, the State Board of Education refused to issue the plaintiff a certificate of eligibility.

The United States District Court for the Southern District of Illinois found the statute to be unconstitutional as it was applied to the plaintiff. The State Board of Education argued that Illinois had an interest in insuring that candidates for Regional Superintendent be familiar with the Illinois

School Code and other Illinois school regulations. The district court first stated that it did not necessarily agree that the interest articulated by the state was legitimate. Then, assuming the interest was legitimate and applying the rational basis test, the court found that the statute did not rationally relate to that interest. The court's holding was largely based on testimony that, as a whole, most Illinois public school teachers are not very familiar with the School Code and on testimony that most state school codes are similar. The court also stated that it could think of a number of more rational and less restrictive means for the state to achieve its avowed objective.

We are not required to opine on the correctness of the result or reasoning of *Hammond* for we think it is clearly distinguishable from the case in this Court. *Hammond* highlighted the statute's distinction between in-state teaching experience and out-of-state teaching experience and found that the distinction was not reasonable. The court found that the statute, at best, only indirectly achieved the stated purpose of assuring familiarity with the School Code.

This case, however, underscores the statute's distinction between experience gained in an elementary or secondary school and experience gained as an university professor or a school board member. The state has a legitimate interest in attempting to confirm that candidates for Regional School Superintendent be familiar with the trials and tribulations of those they would supervise. The legislature could reasonably conclude that one whose experience was gained in the lofty world of university academia does not qualify. Likewise, the legislature could reasonably conclude that an individual with experience as a school board member does not have the type of "hands-on" experience necessary.

### V—The Remaining Defendants

The jurisdiction of this Court is limited to deciding actual cases or controversies. We have no power to decide a moot question.

The complaint requests that the Court order the remaining Defendants to accept Plaintiff's nominating petition to stand as a candidate for Superintendent of Educational Service Region of Cook County. Plaintiff also asks that the Court order the remaining Defendants to certify Plaintiff's name as a candidate for said office. This is all sought with the purpose of having Plaintiff's name placed on the ballot for the upcoming Democratic primary.

The issues raised by Plaintiff's complaint have now become moot. The final day for the County Clerk of Cook County to certify the names of candidates for the March 1990 primary was January 24, 1990. That date is more than two weeks past. Thus, the Court cannot order Defendants to certify Plaintiff as a candidate.

If a case is moot, "there is no subject matter on which the judgment of the Court's order can operate." *Ex Parte Baez*, 177 U.S. 378, 390, 20 S.Ct. 673, 677, 44 L.Ed. 813 (1900). Plaintiff's complaint must be dismissed.

### VI—Conclusion

We conclude that Plaintiff does not have a reasonable likelihood of succeeding on the merits of this case. There is no fundamental right to stand as a candidate for office and Plaintiff's first amendment rights are not sufficiently implicated. In addition, the Court finds the statute in question to be rationally related to a legitimate state interest. We also find that the remainder of Plaintiff's case is moot.

*Ergo*, as the Court stated in its ruling on January 23, 1990, the motion for preliminary injunction and the motion to substitute a party defendant are DENIED. It is further ordered that the Illinois State Board of Education is DISMISSED as a Defendant. It is further ordered that Plaintiff's complaint be dismissed on grounds of mootness.

Case CLOSED.