Rebecca R. HARMON, Plaintiff–
Appellant,

v.

HAMILTON COUNTY COURT OF
COMMON PLEAS; Hamilton County
Ohio; State of Ohio; Thurman W.
Smith; Michael E. Mullen; Thomas
A. Mack; Scott D. Phillips; Robert D.
Lewis, Jr.; Thomas J. Geygan; Kelly
Farrish; Craig L. Farrish; Thomas B.
Brush; Ira M. Berman, Defendants–
Appellees.

No. 03–3648.

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 2003.

Rebecca R. Harmon, pro se, West Ches-
ter, OH, for Plaintiff–Appellant.

Susan Marie Gertz, Stephen K. Shaw, Hamilton County Prosecutor's Office, Cincinnati, OH, Arthur James Marziale, Jr., Office of the Attorney General of Ohio, Columbus, OH, Gregory A. Stout, Geygan & Geygan, Alan Richard Trenz, McIntosh, McIntosh & Knabe, George E. Yund, Frost, Brown & Todd, Edward J. McTigue, Ronald Arthur Lipez, Cincinnati, OH, for Defendants–Appellees.

Before RYAN, MOORE, and ROGERS, Circuit Judges.

## ORDER

Rebecca R. Harmon appeals a district court judgment that dismissed her civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Harmon filed her complaint in the district court alleging that she was denied her constitutional rights in fraudulent state court civil litigation filed against her by her former employer. Harmon named as defendants the principal owner of her former employer, T.W. Smith Engine Company, the employer's certified public accountant, eight private attorneys who rendered legal services related to the litigation, as well as the Hamilton County Court of Common Pleas, Hamilton County, and the State of Ohio. Harmon sought compensatory and punitive damages and the appointment of a special prosecutor to pursue criminal charges.

The defendants who were served with process moved to dismiss the complaint, and Harmon responded in opposition. After four defendants submitted a reply, the magistrate judge recommended that defendants' motions to dismiss be granted. Over plaintiff's objections, the district court adopted the magistrate judge's rec-

ommendation and dismissed the complaint. Harmon filed a timely notice of appeal.

On appeal, Harmon contends that her constitutional rights were violated in the state court litigation and that her claims are cognizable in the district court. Defendants respond that the district court's judgment was proper. Upon de novo review, *see Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993); *Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir. 1990), we may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994).

First, plaintiff did not state a claim upon which relief can be granted with respect to the defendant private parties. In order to state a claim cognizable under 42 U.S.C. § 1983, plaintiff must allege that: (1) she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by one acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brotherton v. Cleveland*, 923 F.2d 477, 479 (6th Cir.1991). Absent either element, a claim is not cognizable under § 1983. Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation. *See Polk County v. Dodson*, 454 U.S. 312, 318–19, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Similarly, the defendant principal owner of plaintiff's former employer did not act under color of state law by mere resort to state-court litigation. *See Ellison v. Garbarino*, 48 F.3d 192, 195–96 (6th Cir.1995); *Kelm v. Hyatt*, 44 F.3d 415, 421–22 (6th Cir.1995). Further, plaintiff alleged nothing that could be deemed to give rise to a

civil rights cause of action against the defendant certified public accountant.

 Second, Harmon's complaint fails to set out a cognizable cause of action with respect to the defendant government entities as well. Harmon's claim for money damages against the State of Ohio plainly is barred by Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Ala. v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Although the magistrate judge and the district court cited this court's opinion in *Alkire v. Irving,* 305 F.3d 456, 467 (6th Cir.2002) for the proposition that the defendant state court is also entitled to Eleventh Amendment immunity, that opinion was amended after the district court's judgment was entered, and it is not clear that this defendant is entitled to immunity. *See Alkire v. Irving,* 330 F.3d 802, 811–12 (6th Cir.2003). Nonetheless, Harmon's complaint was properly dismissed with respect to all of the defendant government entities because plaintiff's pleadings are entirely devoid of any factual basis for a cause of action against these defendants. Accordingly, the district court's judgment will be affirmed on this basis with respect to these defendants.

 Finally, it is noted that the district court correctly concluded that plaintiff's complaint otherwise cannot be construed to raise a federal question. *See* 28 U.S.C. § 1331. Diversity of citizenship jurisdiction does not exist because plaintiff and defendants are citizens of Ohio. *See* 28 U.S.C. § 1332; *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267–68, 2 L.Ed. 435 (1806). Thus, the district court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction. Moreover, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiff's state law claims. *See Weeks v. Portage County Executive Of-*

*fices,* 235 F.3d 275, 279–80 (6th Cir.2000); *Soliday v. Miami County, Ohio,* 55 F.3d 1158, 1164 (6th Cir.1995).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.